**NAHRGANG & ASSOCIATES, P.C.**
**BY: MATTHEW R. NAHRGANG, ESQUIRE**
**ATTY. I.D.: 60051**
**35 Evansburg Road**
**Collegeville, PA 19426**
**(610)489-3041**
**E-Mail mnahrgang@verizon.net**

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: LILJANA SINOJMERI | : | NO. 24-10899-amc |
| Debtor | : | |
| | : | CHAPTER 7 |

---

| | | |
|---|---|---|
| CHIA-HUI CHANGE and PAI-CHI TSAI | : | |
| Plaintiff | : | NO. 24-88-amc |
| VS. | : | |
| | : | |
| LILJANA SINOJMERI | : | |
| Defendant | : | |

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied. The contract attached as an Exhibit to Plaintiffs State complaint and by reference to the Amended Complaint reflects a different name.

7. Denied. The contract attached as an Exhibit to Plaintiffs State complaint and by reference to the Amended Complaint reflects a different name.

8. Denied as Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

9. Admitted in part and denied in part. It is denied that the Debtors address is the principal place of business as the same is a conclusion of law to which no response is required.

10. Denied as that is no longer his residence.

11. Admitted.

12. Admitted.

13. Denied. Sevi did not begin work as project manager until at least 2018.

14. Admitted.

15. Denied as the names on the contract are different from Plaintiffs. To the extent it is proven that Plaintiffs are indeed the same individuals referenced in the contract, this allegation is admitted.

16. Denied as the names on the contract are different from Plaintiffs. To the extent it is proven that Plaintiffs are indeed the same individuals referenced in the contract, this allegation is admitted in part and denied in part. It is denied that the referenced Exhibit is a true and correct copy of the original contract and strict proof is demanded. To the

contrary, the Exhibit appears to have been altered in some respects.

17. Denied for the reasons stated in Answer 15, as vague, and as a conclusion of law.

18. Denied for the reasons stated in Answer 15. To the extent it is proven that Plaintiffs are indeed the same individuals referenced in the contract, it is specifically denied that ASC or Sevi caused innumerable construction defects and incidental problems such as water leakage, illegally used Plaintiff Chang's credit card without authorization, illegally misappropriated Plaintiffs' construction materials for other projects, created extended delays and lied about the reasons for them, and or performed work without a permit. To the contrary, all work was performed in a timely and workmanlike manner and Plaintiffs, to the extent they are the same individuals listed on the contract, made unreasonable demands, were themselves responsible for any delays, and prevented ASC from completing the contract while failing and refusing to pay ASC funds when due, leaving a balance owed to ASC. The balance of this averment is denied as a conclusion of law.

19. Denied for the reasons stated in Answer 15. To the extent it is proven that Plaintiffs are indeed the same individuals referenced in the contract, it is denied what Plaintiffs believed as Defendant is without knowledge or

information sufficient to form a belief as to the truth of the averment. By way of further answer, the contract does not reference Sevi as owner, but project manager.

20. Denied as Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment. By way of further answer, ASC had difficulties with its web presence and, despite its best effort, the same may not have been accurate.

21. Denied. It is expressly denied that any such conversation occurred nor can Defendant imagine a viable reason for it.

22. Denied for the reasons stated in Answers 19 and 20.

23. Admitted in part and denied in part. It is denied that Plaintiffs sincerely attempted an amicable resolution.

24. Admitted.

25. Denied to the extent that this allegation differs from the state court record.

26. Denied to the extent that this allegation differs from the state court record.

27. Denied to the extent that this allegation differs from the state court record.

28. Denied. It is specifically denied that ASC: (1) was undercapitalized to perform the business functions and obligations it contractually undertook to perform for

Plaintiffs; (2) failed to adhere to the formalities of Pennsylvania limited liability companies in its operational and organizational functions; (3) substantially intermingled finances and affairs with its strawperson owner, Debtor, and its *de facto* owner, Sevi; and (4) used the organizational form of a Pennsylvania limited liability company to perpetrate frauds and unlawful conduct against Plaintiffs and other consumers, creditors, and government agencies. To the contrary, ASC operated according to Pennsylvania corporate law and never defrauded anyone. The balance of this averment is denied as a conclusion of law.

29. Admitted.

30. Admitted.

31. Admitted.

**COUNT I**

32. Prior paragraphs incorporated as if fully set forth herein.

33. Denied for the reasons stated in Answer 15. To the extent it is proven that Plaintiffs are indeed the same individuals referenced in the contract, it is specifically denied that either ASC or Sevi obtained monies from Plaintiffs by false pretense, false representation and actual fraud. To the contrary, ASC dealt with Plaintiffs honestly at all times

and, if any misunderstandings occurred, which is denied, the same were either unilateral on Plaintiffs part or unintentional on the part of ASC or Sevi.

34. Denied for the reasons stated in Answer 15. To the extent it is proven that Plaintiffs are indeed the same individuals referenced in the contract, it is specifically denied Plaintiffs have adduced a trove of evidence and that ASC and Sevi: (1) repeatedly committed specific instances of credit card fraud by using Plaintiffs' credit card without authorization; (2) used Plaintiffs' credit card to finance purchases for other construction projects unrelated to Plaintiffs; (3) induced Plaintiffs to sign a contract which violated numerous consumer-protection laws; (4) made false statements about COVID-19 causing construction delays; (5) misled Plaintiffs by requiring payment for plywood for their roof but failing to use the funds for said purpose; (6) fraudulently inflated tile costs and other costs to illegally obtain payments from Plaintiffs; (7) gave personal assurances that problems would be resolved in order to obtain payment from Plaintiffs (but knowing that there was never any intention of performing); and (8) falsely represented that cabinets had been ordered to obtain payment from Plaintiffs, and later demanded that Plaintiffs themselves order the cabinets. To the contrary, all work and conduct toward Plaintiffs was performed timely,

Chang v Sinojmeri, Adv 24-88
Answer to Amended Complaint
Page 6 of 9

honestly, and in a workmanlike manner.  Defendant denies that ASC or Sevi engaged in any fraudulent activity of any kind.

35.  Denied.  It is expressly denied that Defendant was made the ostensible owner as Sevi never even began work for ASC until 2018.  It is denied that she did not contribute to ASC.  It is also denied that any such contribution was required to incorporate a business under Pennsylvania law and the latter is also denied as a conclusion of law.  It is specifically denied that any false information was publicly marketed to Plaintiffs and others.

36.  Denied as a conclusion of law.

37.  Denied.  It is expressly denied that any such conversation occurred nor can Defendant imagine a viable reason for it.

38.  Denied.  See Answer 28.

39.  Denied as a conclusion of law.

40.  Denied as a conclusion of law.

WHEREFORE, Defendant respectfully requests judgment in her favor.

## COUNT II

41.  Prior paragraphs incorporated as if fully set forth herein.

42.  Denied.  See Answer 34.

43. Denied as a conclusion of law.

44. Denied as a conclusion of law.

WHEREFORE, Defendant respectfully requests judgment in her favor.

## COUNT III

45. Prior paragraphs incorporated as if fully set forth herein.

46. Denied as a conclusion of law.

47. Denied as a conclusion of law and for the reasons stated in Answer 34.

48. Denied as a conclusion of law.

49. Denied as a conclusion of law.

WHEREFORE, Defendant respectfully requests judgment in her favor.

## COUNT IV

50. Prior paragraphs incorporated as if fully set forth herein.

51. Denied as a conclusion of law.

52. Denied as a conclusion of law.

53. Denied as a conclusion of law.

WHEREFORE, Defendant respectfully requests judgment in her favor.

Respectfully Submitted,
/s/Matthew R. Nahrgang
_____
Matthew R. Nahrgang,
Attorney for Defendant