UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: LILJANA SINOJMERI<br>DEBTOR | Case No. 24-10899-AMC<br>Chapter 7 |
| CHIA-HUI CHANG AND PAI-CHI TSAI,<br>PLAINTIFFS<br>v.<br>LILJANA SINOJMERI,<br>DEFENDANT | Adversary Proceeding<br>No. 24-00088-AMC |

## MOTION TO QUASH SUBPOENA TO TESTIFY AT DEPOSITION AND SUBPOENA DUCES TECUM

Mario Martinez Aguila ("Mr. Aguila"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9016, to quash the Subpoena to Testify at a Deposition and Subpoena Duces Tecum dated May 27, 2025, issued by Plaintiffs and directed to Mr. Aguila.

**I. BACKGROUND**

1. This adversary proceeding apparently involves a dispute between Plaintiffs Chia-Hui Chang and Pai-Chi Tsai and Defendant Liljana Sinojmeri arising from a construction contract for home improvement services performed at Plaintiffs' residence.

2. Plaintiffs allege that they contracted with American Steel Contractors LLC ("ASC") for construction work on their residence, that the work was performed defectively, and that various fraudulent activities occurred in connection with their project.

3. Plaintiffs further allege that Defendant Sinojmeri was the nominal owner of ASC while Ilir Sevi ("Sevi") was the actual operator, and they seek to prevent discharge of their claims against Sinojmeri in her Chapter 7 bankruptcy case.

4. On May 27, 2025, Plaintiffs caused a subpoena to be served upon Mr. Aguila, a non-party to this adversary proceeding and having nothing to do whatsoever to the apparent underlying dispute, commanding Mr. Aguila to appear for deposition on June 19, 2025, and to produce eleven categories of documents spanning multiple years relating to his own business relationships, communications, and financial arrangements (the "Subpoena"). A true and correct copy of the Subpoena is attached hereto as Exhibit "A".

5. Mr. Aguila served written objections to this subpoena on June 6, 2025, a true and correct copy of which is attached hereto as Exhibit "B" and incorporated herein by reference.

6. Following service of the written objections, Plaintiffs' counsel contacted undersigned counsel and proposed five alternative written questions as a substitute for the deposition.

7. Mr. Aguila declined to answer these questions, as the questions remain overbroad, burdensome, and seek information totally irrelevant to the claims and defenses in this adversary proceeding.

8. Via an email exchange with Plaintiffs' counsel dated June 13, 2025, Plaintiffs' counsel indicated that Mr. Aguila should file a motion to quash the subpoena, as Plaintiffs were going to seek to enforce the subpoena. A true and correct copy of the email exchange is attached hereto as Exhibit "C".

## II. STATEMENT OF FACTS

9. Mr. Aguila is an innocent third party to this adversary proceeding, who has no knowledge of, no involvement in, and no connection to the specific construction project, contractual relationship, timeframe, or to the alleged fraudulent conduct that forms the basis of this litigation between Plaintiffs and Defendant.

10. While Mr. Aguila may be acquainted with the parties and has engaged Sevi for construction services totally unrelated to this litigation, Mr. Aguila has no knowledge of the specific events, transactions, or conduct that form the subject matter of this adversary proceeding.

11. Mr. Aguila has no knowledge of the alleged fraudulent activities described in Plaintiffs' Second Amended Complaint, has no knowledge of the specific construction contract between Plaintiffs and Defendants, the alleged defective work performed at Plaintiffs' residence, the alleged unauthorized credit card usage, or any of the other specific misconduct alleged to have occurred during the relevant time period.

12. Mr. Aguila similarly has no knowledge of any alleged tax avoidance schemes, veil-piercing allegations, or fraudulent misrepresentations that form the basis of this adversary proceeding.

13. Mr. Aguila possesses no documents or information relevant to the specific claims for relief or defenses asserted by any party regarding the construction project that is the subject of this litigation.

14. The subpoena appears to be based on the fact that Mr. Aguila may have engaged Sevi for construction services wholly unrelated to this litigation, without any factual foundation

establishing that Mr. Aguila possesses information relevant to the specific claims and defenses in this adversary proceeding.

15. The mere fact that Mr. Aguila may have had separate business dealings with one of the defendants does not establish relevance to the specific construction project, timeframe, or alleged misconduct that forms the basis of this adversary proceeding.

16. Plaintiffs have not identified any specific information they believe Mr. Aguila possesses, nor explained how such information would be relevant to resolving the claims and defenses presented in this adversary proceeding.

### III. ARGUMENT

17. Federal Rule of Civil Procedure 45(d)(3)(A) requires this Court to quash a subpoena that "subjects a person to undue burden."

18. The rule further provides that the issuing court "must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1).

#### A. THE SUBPOENA SUBJECTS MR. AGUILA TO UNDUE BURDEN

19. The subpoena imposes an undue burden on Mr. Aguila in multiple respects.

20. First, as an innocent third party with no connection to this litigation, Mr. Aguila should not be compelled to expend significant time, resources, and expense to participate in discovery that has no bearing on the resolution of the claims and defenses in this case.

21. The burden of compliance includes not only the time required for deposition testimony and document review, but also the disruption to Mr. Aguila's business operations and the potential disclosure of confidential business information to parties who have no legitimate need for his confidential information.

22. Second, the eleven categories of documents requested in the subpoena are extraordinarily broad, seeking "all documents" related to communications, agreements, services, payments, and business relationships spanning multiple years.

23. This sweeping scope would require Mr. Aguila to conduct an extensive search of his business records, review potentially thousands of documents for relevance and privilege, and produce confidential business information that could harm his competitive position.

24. Third, the burden imposed by this subpoena is grossly disproportionate to any conceivable probative value of information Mr. Aguila might possess to this wholly unrelated.

25. Federal Rule 45 specifically requires consideration of the burden imposed on non-parties, and courts have consistently recognized that this burden is particularly acute when the subpoenaed party has no connection to the underlying dispute.

### B. THE SUBPOENA CONSTITUTES AN IMPROPER FISHING EXPEDITION

26. The subpoena represents a classic fishing expedition designed to discover information that might be useful rather than seeking specific, relevant evidence.

27. The breadth of the document requests, and the lack of any factual foundation connecting Mr. Aguila to the specific claims in this case, demonstrate that Plaintiffs are engaged in wholly speculative discovery.

28. Courts have repeatedly held that Rule 45 does not permit parties to use subpoenas to conduct fishing expeditions against non-parties.

29. The burden on non-parties must be justified by a specific showing of relevance, which Plaintiffs have failed to make here.

30. Instead, the subpoena appears to be premised on nothing more than a hope that Mr. Aguila might have some connection to the defendants that could somehow support Plaintiffs' claims.

### C. THE REQUESTED INFORMATION IS IRRELEVANT TO THE CLAIMS AND DEFENSES IN THIS CASE

31. This adversary proceeding involves specific claims arising from a particular construction contract between Plaintiffs and defendants regarding work performed at Plaintiffs' residence during a specific timeframe.

32. The claims include allegations of breach of contract, fraud, and veil-piercing, all related to the specific construction project at Plaintiffs' residence and the alleged misconduct that occurred in connection with that project.

33. Even assuming Mr. Aguila engaged Sevi for separate construction services wholly unrelated to this litigation, such unrelated business relationships have no relevance whatsoever to resolving the specific disputes between Plaintiffs and Defendants regarding their separate residential construction contract.

34. The fact that a contractor may have worked for multiple customers does not make each customer's experience relevant to a dispute involving another customer or project, particularly where the projects, type of projects, timeframes, and alleged misconduct are entirely separate and distinct.

35. The relevance requirement of Federal Rule 26, made applicable to subpoenas through Rule 45, requires more than the mere existence of some business relationship to justify burdensome discovery against non-parties.

36. Plaintiffs must establish that Mr. Aguila possesses information probative to their specific claims regarding their specific construction project, which Plaintiffs have failed to do.

### D. PLAINTIFFS HAVE FAILED TO ESTABLISH GOOD CAUSE FOR THIRD-PARTY DISCOVERY

37. Courts require a heightened showing of relevance and necessity when discovery is sought from non-parties.

38. Plaintiffs have made no showing that the information they seek from Mr. Aguila is not available from other sources, including the parties to this litigation and witnesses with actual knowledge of the relevant events to this pending matter.

39. The timing of this subpoena is also suspect, as it appears to be an attempt to expand the scope of discovery beyond the parties and known witnesses, without first exhausting those primary sources of information. This approach places an improper burden on innocent third parties and is contrary to the principles underlying Rule 45.

### E. THE SUBPOENA SEEKS CONFIDENTIAL BUSINESS INFORMATION WITHOUT JUSTIFICATION

40. The subpoena seeks highly confidential business information of Mr. Aguila, including financial records, business communications, and proprietary business relationships.

41. The disclosure of such information to parties in litigation could cause substantial competitive harm to Mr. Aguila's business without any corresponding benefit to the resolution of this case.

42. Federal Rule 45 requires courts to balance the burden on non-parties against the need for the information sought.

43. Where, as here, the information sought is highly confidential and the relevance is speculative at best, the balance weighs heavily in favor of quashing the subpoena.

### IV. CONCLUSION

WHEREFORE, Mr. Aguila respectfully requests that this Court enter an order:

1. Quashing the Subpoena to Testify at a Deposition and Subpoena Duces Tecum dated May 27, 2025, in its entirety;

2. Awarding Mr. Aguila his reasonable attorney's fees and costs incurred in responding to this improper subpoena pursuant to Federal Rule of Civil Procedure 45(d)(1); and

3. Granting such other relief as this Court deems just and proper.

Respectfully submitted,
BERGER LAW GROUP, P.C.

Date: 6/17/25

By: _____
PHILLIP D. BERGER, ESQUIRE
919 Conestoga Road, Building 3, Suite 114
Bryn Mawr, PA 19010
(610) 668-0774
Berger@BergerLawPC.com
Counsel for Mario Martinez Aguila