UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: LILJANA SINOJMERI<br>DEBTOR | Case No. 24-10899-AMC<br>Chapter 7 |
| CHIA-HUI CHANG AND PAI-CHI TSAI,<br>PLAINTIFFS<br>v.<br>LILJANA SINOJMERI,<br>DEFENDANT | Adversary Proceeding<br>No. 24-00088-AMC |

## MOTION FOR RECONSIDERATION OF AMENDED ORDER GRANTING PLAINTIFFS' CROSS-MOTION TO ENFORCE SUBPOENA, DENYING MOTION TO QUASH, AND AUTHORIZING THE POTENTIAL AWARD OF ATTORNEYS' FEES AND COSTS TO PLAINTIFFS

Mario Martinez Aguila ("Mr. Aguila"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 59(e), made applicable by Federal Rule of Bankruptcy Procedure 9023, for reconsideration of the Court's Amended Order entered August 12, 2025, granting Plaintiffs' cross-motion to enforce subpoena, denying Mr. Aguila's motion to quash, and authorizing the potential award of attorneys' fees and costs to Plaintiffs, and in support thereof avers as follows:

I. **BACKGROUND**

1. This adversary proceeding against Debtor Liljana Sinojmeri apparently arises from a dispute between Plaintiffs and Defendant regarding a construction contract for home improvements at Plaintiffs' residence.

2. On May 27, 2025, Plaintiffs served a subpoena upon Mr. Aguila, a non-party, commanding him to appear for deposition and to produce eleven categories of documents

relating to numerous other non-parties, spanning multiple years, and involving multiple non-party business entities.

3. Mr. Aguila timely served written objections to the subpoena and, through counsel, engaged in discussions with Plaintiffs' counsel seeking to resolve the dispute.

4. Several hours prior to the hearing, Mr. Aguila's counsel informed Plaintiffs' counsel that Mr. Aguila (Plaintiffs' neighbor) would provide the requested information relating to his payment for construction services performed by Debtor Liljana Sinojmeri, American Steel Contractors LLC, and/or Ilir Sevi at Mr. Aguila's home. Those documents have been turned over to Plaintiffs' counsel.

5. The only remaining issue before the Court was Plaintiffs' insistence on production of documents relating to <u>all</u> construction services (from <u>any</u> company and <u>any</u> individual), from <u>all</u> of Mr. Aguila's LLC entities, for a <u>five</u> (5) year period, regardless of any connection to the individual Debtor in this adversary proceeding.

**II.   STATEMENT OF FACTS**

6. Mr. Aguila (whose only relationship to this matter is that he is the Plaintiff's neighbor), holds an interest in numerous LLCs which are engaged in real estate acquisition, refurbishment, and management throughout Philadelphia and the surrounding counties.

7. Mr. Aguila, on behalf of the LLC entities in which he maintains an interest, has engaged with numerous contractors who have provided construction services to the LLCs' properties, including, but not limited to plumbing, electrical, brick work, woodworking, roofing, HVAC, carpeting, and waterproofing

8. Most of the contractors Mr. Aguila's LLC entities use for those services have absolutely nothing to do with this Debtor or her company.

9. The subpoena at issue in this matter, as enforced, is overbroad and unduly burdensome. It is not limited to the Debtor, nor her company which are at issue in this matter, but instead seeks all information about all construction services from all of Mr. Aguila's LLC entities.

10. The five (5) year time period for all construction services (most of the contractors used by the LLCs have absolutely no relationship to the Debtor nor to one corporate entity in the pending adversary matter) is excessive in time and scope, and is not tailored to the relevant events or parties in this adversary action.

11. Mr. Aguila, who also has nothing to do with this adversary action, through counsel, made good faith efforts to resolve the dispute and had agreed to provide the relevant payment information regarding construction services performed at his home by Debtor Liljana Sinojmeri, American Steel Contractors, LLC, and/or Ilir Sevi, thereby substantially narrowing the scope of the dispute prior to the hearing.

12. The Court's Order did not address the overbreadth of the subpoena (a) seeking documents regarding all construction services not just the construction services performed by the parties at issue in the pending matter, nor (b) the excessive 5 year period sought; nor (c) the LLC confidentiality concerns; nor (d) the parties' efforts to resolve the dispute prior to the hearing.

13. The Court's Order failing to address the overbroad terms and length of time sought by Plaintiffs in the subpoena, served on an innocent third-party, is manifestly unjust.

14. Further, the Court's potential award of attorneys' fees and costs against Mr. Aguila, under these circumstances, is manifestly unjust and not supported by the record.

### III. ARGUMENT

#### A. Standard for Reconsideration

15. The Third Circuit has held that a motion for reconsideration may be granted only if the moving party demonstrates: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

16. Reconsideration is warranted here to correct clear error and to prevent manifest injustice, as the Court's Order did not address the specific overbreadth as to the five (5) year timing, nor to the Plaintiffs' demand for the turnover of all documents relating to <u>all</u> construction services performed at any LLC in which Mr. Aguila maintains an interest, nor to the undue burden caused by the overbroad subpoena, nor to the confidentiality concerns raised by Mr. Aguila, nor to the parties' good faith efforts to resolve this dispute.

#### B. The Subpoena Is Overbroad, Unduly Burdensome, and Disproportionate

17. Federal Rule of Civil Procedure 45(d)(3)(A)(iv) requires the Court to quash or modify a subpoena that "subjects a person to undue burden."

18. The Third Circuit and courts in this District have emphasized that nonparty status is a significant factor in the undue burden analysis. *See, e.g., RIG Consulting, Inc. v. Rogers*, Civil Action No. 2:23-cv-1286-RJC, 2024 U.S. Dist. LEXIS 196027, at *8 (W.D. Pa. Oct. 29, 2024) ("A nonparty required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the court.").

19. Furthermore, an undue burden is often created where the material sought from a nonparty is easily available from a party. *RIG Consulting, Inc. v. Rogers*, Civil Action No. 2:23-cv-1286-RJC, 2024 U.S. Dist. LEXIS 196027, at *8 (W.D. Pa. Oct. 29, 2024).

20. The subpoena here compels production of all construction documents from all of Mr. Aguila's LLCs for a five (5) year period, regardless of any connection to the parties or issues in this adversary proceeding. Such a request is not reasonably tailored, and imposes a significant and unjustified burden on a nonparty, including the required turnover of potentially confidential business information.

### C. Mr. Aguila's Good Faith Efforts and Substantial Justification Preclude Fee-Shifting

21. Rule 45(d)(1) requires parties issuing subpoenas to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

22. Here, Mr. Aguila timely objected to the overbroad and unduly burdensome subpoena, and made good faith efforts to resolve the dispute prior to the hearing.

23. The parties had reached agreement on the production of relevant information regarding construction services at Mr. Aguila's home, and the only remaining dispute concerned the overbroad demand for all construction services from all LLCs in which Mr. Aguila held an interest, and for the demanded five (5) year period.

24. Under these circumstances, the potential imposition of attorneys' fees and costs against Mr. Aguila is manifestly unjust and contrary to the principles articulated in Fed.R.Civ.P. 37(a)(4), as well as the special protection afforded to nonparties under Rule 45.

### D. The Court's Order Did Not Address the Key Issues

25. The Order does not address the specific overbreadth of the subpoena, the five years of all construction records sought, the confidentiality concerns, or the fact that Mr. Aguila had agreed to produce the relevant information regarding construction work at his house located next door to the Plaintiffs, prior to the hearing.

26. Nor does the Order explain why fee-shifting is appropriate under these circumstances, given the substantial justification for Mr. Aguila's position, and the parties' prior efforts to resolve the dispute.

## IV. CONCLUSION

WHEREFORE, Mr. Aguila respectfully requests that this Court enter an order:

A. Granting reconsideration of the Order entered August 12, 2025;

B. Denying Plaintiffs' request for attorneys' fees;

C. Modifying the subpoena to limit its scope to documents relating to construction services performed by Debtor Liljana Sinojmeri, American Steel Contractors, LLC, and/or Ilir Sevi at Mr. Aguila's home;

D. Modifying the subpoena to limit the timing of the production to three (3) years; and

E. Granting such other relief as this Court deems just and proper.

Respectfully submitted,
BERGER LAW GROUP, P.C.

Date: 8/21/225         By: *Phillip D. Berger*
                       PHILLIP D. BERGER, ESQUIRE
                       919 Conestoga Road, Building 3, Suite 114
                       Bryn Mawr, PA 19010
                       (610) 668-0774
                       Berger@BergerLawPC.com
                       Counsel for Mario Martinez