# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: LILJANA SINOJMERI<br>　　　　DEBTOR | Case No. 24-10899-AMC<br>Chapter 7 |
| CHIA-HUI CHANG AND PAI-CHI TSAI,<br>　　　　PLAINTIFFS<br>v.<br>LILJANA SINOJMERI,<br>　　　　DEFENDANT | Adversary Proceeding<br>No. 24-00088-AMC |

## ORDER

AND NOW, this _____ day of _____, 2025, upon consideration of the Objection to Plaintiffs' Application for Attorneys' Fees and Costs filed by Mario Martinez Aguila ("Mr. Aguila"), a non-party to this adversary proceeding, and any response thereto, it is hereby ORDERED and DECREED that:

1. The Objection is SUSTAINED.

2. Plaintiffs' request for the award for attorneys fees and costs is denied in its entirety.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　ASHELY M. CHAN
　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

12UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: LILJANA SINOJMERI<br>DEBTOR | Case No. 24-10899-AMC<br>Chapter 7 |
| CHIA-HUI CHANG AND PAI-CHI TSAI,<br>PLAINTIFFS<br>v.<br>LILJANA SINOJMERI,<br>DEFENDANT | Adversary Proceeding<br>No. 24-00088-AMC |

## OBJECTION OF MARIO MARTINEZ AGUILA TO PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COSTS AND REQUEST FOR HEARING

Mario Martinez Aguila ("Objector"), by and through his undersigned counsel, respectfully submits this Objection to Plaintiffs' Application for Attorneys' Fees and Costs, and, to the extent necessary, requests a hearing pursuant to this Honorable Court's Order dated August 12, 2025 (ECF 44):

### I. INTRODUCTION

Plaintiffs seek an award of over **$23,900.00** in attorneys fees allegedly incurred in opposing Mario Martinez Aguila's motion to quash subpoena and in pursuing Plaintiffs' cross-motion to compel! The Plaintiffs' alleged fees are $19,320 from Trexler & Zhang LLP and $4,602.50 from Wetzel Gagliardi Fetter & Lavin LLC. Plaintiffs' request is patently excessive and unreasonable under the circumstances, warrants substantial reduction (and in actuality, total denial per the reasons set forth in this Objection and in the pending Motion for Reconsideration), and is not supported by a proper showing under the standards of Rule 45(d)(1), Rule 37(a)(5), or the relevant case law.

## II. LEGAL STANDARD

### A. FEES ARE NOT APPROPRIATE HERE UNDER RULE 37(a)(5)(A)

Under Federal Rule of Civil Procedure 37(a)(5)(A), fees may only be awarded on a discovery motion if the moving party meets all necessary predicates and no exception applies. As stated by the court in *Finkel v. WeVeel LLC (In re Atomica Design Grp., Inc.)*, 591 B.R. 217 (Bankr. E.D. Pa. 2018):

> Pursuant to Rule 37(a)(5)(A), if a motion to compel discovery is granted, or further disclosure is provided after the motion was filed, the court must require the offending party, the advising attorney, or both, to pay the movant's reasonable fees and expenses incurred in making the motion, including attorney's fees...unless (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the offending party's nondisclosure or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Each of these exceptions independently requires the denial of a fee award if satisfied. For example, if Objector's position was substantially justified, or if the circumstances render a fee award unjust given the nature and history of the dispute (routine, no bad faith, partial agreement after reasonable objections), then no award is appropriate.

    i.    In this matter, non-party Objector properly filed a Motion to Quash Subpoena, as the served subpoena requiring Objector to provide all documents for all contractors ever used by all of Objector's corporate entities for a 5 year period was simply overbroad, overly burdensome and unreasonable. Objector's counsel and Plaintiff's counsel had actually worked through the issue regarding turnover of documents regarding work the contractor (at issue in this bankruptcy) had performed at Mr. Aguila's residence. The remaining issues and demands for all contractors, for all LLCs, over a 5 year period were, and are, unreasonable.

    ii.  Objector's nondisclosure and motion to quash was substantially justified. Requiring a non-party person who has an interest in numerous LLC entities that hire a multitude of contractors to fix and repair commercial properties owned by the LLCs, to turnover <u>all</u> documents from <u>all</u> contractors (most having nothing to do with this Debtor) over a <u>5</u> year period is simply overbroad, unreasonable, and overly burdensome. Objector's nondisclosure and objection was totally justified.

    iii.  As counsel for Plaintiffs and Objector were working together, and did resolve the reasonable request prior to the Court hearing, these circumstances make an award of Plaintiff's fees and expenses unjust.

  Accordingly, for each (and every) of the above reasons and exceptions, this Court should deny the award of Plaintiffs' alleged attorneys fees. <u>See</u> Rule 37(a)(5)(A).

## B. EVEN IF FEES ARE ALLOWED, ONLY REASONABLE, NECESSARY, AND NON-DUPLICATIVE FEES ARE RECOVERABLE

Should the Court reach reasonableness, the standard is exacting. The movant is entitled only to those fees (a) actually and reasonably "incurred in making the motion" and (b) directly and "specifically related to the [other party's] discovery violations." *Finkel v. WeVeel LLC (In re Atomica Design Grp., Inc.)*, 591 B.R. 217 (Bankr. E.D. Pa. 2018). As *Finkel* explains:

> In determining reasonableness, the court must closely scrutinize the request to ensure the fees do not exceed a reasonable amount. In particular, when awarding fees, courts must conduct 'a thorough and searching analysis' to decide whether the hours were reasonably expended for each purpose described, and exclude those which are excessive, redundant, or unnecessary.

Further, "[t]he amount of monetary damages must be specifically related to the expenses incurred due to the non-complying party's discovery violations," and "shifted expenses shall not include costs which would have been incurred anyway." *Id.*

Claims for fees arising from two law firms performing duplicative work, repetitive review, attorney conferences, administrative and clerical activity, or other excessive lawyering (on a motion to quash an overbroad subpoena) must be disallowed. The court in *Finkel* disallowed fees when the work would have been done regardless of the motion, holding that only time and expenses caused by the actual violation are compensable.

### C. PLAINITFFS' INVOICES ARE UNREASONABLE

Plaintiffs' invoices are rife with entries from two different firms, duplicative efforts, block-billed descriptions, vague items ("file organization," "internal meeting," "calendar update"), and work that is excessive or unrelated to the core discovery in dispute.

Non-party Objector properly filed a Motion to Quash, Plaintiffs filed a Motion to Compel, there was a phone conference and then a phone hearing. The time incurred by Plaintiffs' counsel for said activities does not equate to **$23,900.00**. Many of these costs would have been incurred in the ordinary course of the case, irrespective of any motion. As controlling authority makes clear, "[e]xcessive, redundant, or unnecessary" fees must be excluded, and "[s]hifted expenses shall not include costs which would have been incurred anyway". *Finkel v. WeVeel LLC (In re Atomica Design Grp., Inc.)*, 591 B.R. 217 (Bankr. E.D. Pa. 2018).

In this matter, Mr. Aguila timely objected to the overbroad and unduly burdensome subpoena, and made good faith efforts to resolve the dispute prior to the phone hearing. The parties had reached an agreement on the production of relevant information regarding construction services performed at Mr. Aguila's home, and the only remaining dispute concerned the overbroad demand for all construction services from all LLCs in which Mr. Aquila held an interest, and for the demanded five (5) year period.

Accordingly, the circumstances—including the ultimate compromise and Objector's reasonable good faith efforts to resolve this matter—make any award of attorneys' fees manifestly unjust under Rule 37(a)(5)(A)(iii).

## III. REQUEST FOR HEARING

To the extent the Court finds any material factual issue or deems further explanation necessary as to the specifics of Plaintiffs' billing, or to the proportionality and necessity of any fee award, Objector respectfully requests a hearing pursuant to Fed. R. Civ. P. 37(a)(5) and pursuant to this Court's Amended August 12, 2025 Order.

**WHEREFORE**, Mario Martinez Aguila respectfully requests that the Court:

1. Deny Plaintiffs' application for fees and costs in full; or
2. Grant a hearing should the Court require further factual inquiry or clarification.

Date: 8/26/25

Respectfully submitted,
BERGER LAW GROUP, P.C.

By: _____
PHILLIP D. BERGER, ESQUIRE
919 Conestoga Road, Building 3, Suite 114
Bryn Mawr, PA 19010
(610) 668-0774
Berger@BergerLawPC.com
Counsel for Mario Martinez

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: LILJANA SINOJMERI<br>DEBTOR | Case No. 24-10899-AMC<br>Chapter 7 |
| CHIA-HUI CHANG AND PAI-CHI TSAI,<br>PLAINTIFFS<br><br>v.<br><br>LILJANA SINOJMERI,<br>DEFENDANT | Adversary Proceeding<br><br>No. 24-00088-AMC |

## CERTIFICATE OF SERVICE

I, Phillip D. Berger, Esquire, hereby certify that a true and correct copy of the forgoing was served on all parties on this date via the Court's ECF filing system.

Date: 8/26/25

By: _____

Respectfully submitted,
BERGER LAW GROUP, P.C.

PHILLIP D. BERGER, ESQUIRE
919 Conestoga Road, Building 3, Suite 114
Bryn Mawr, PA 19010
(610) 668-0774
Berger@BergerLawPC.com
Counsel for Plaintiff