## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| LILJANA SINOJMERI, | : | |
| | : | |
| Debtor, | : | Chapter 7 |
| | : | Case No. 24-10899-AMC |
| | : | |
| CHIA-HUI CHANG and PAI-CHI TSAI, | : | |
| | : | Adversary No. 24-00088-AMC |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| LILJANA SINOJMERI, | : | |
| | : | |
| Defendant. | : | |

### ORDER FINDING MARIO MARTINEZ AGUILA IN CONTEMPT

AND NOW, this _____ day of _____, 2025, upon consideration of the motion brought by Plaintiffs (Case No. 24-00088 ECF 56, 56-1, 56-1, 56-3, 56-4, 56-5, 56-6, 56-7, 56-8), pursuant to Fed. R. Civ. P. 45(g), Fed. R. Bankr. P. 9014, 9020, 11 U.S.C. § 105, and the Court's inherent authority, for an order: (1) finding Mario Martinez Aguila ("Aguila") in contempt of this Court's Order dated August 12, 2025 (the "08/12/25 Order"); (2) enforcing the 08/12/25 Order and the subpoena served upon Aguila dated May 27, 2005 (the "Subpoena"); (3) imposing upon Aguila per diem fines until Aguila has complied with the 08/12/25 Order and Subpoena; and (4) requiring Aguila to pay additional fees and costs of Plaintiffs incurred as a consequence of Aguila's non-compliance with the Subpoena and 08/12/25 Order, and upon consideration of Aguila's response to such motion (Case No. 24-00088 ECF 60, 60-1), Plaintiffs' reply in further support of such motion (Case No. 24-00088 ECF 66, 66-1), and the hearing held on such motion of October 1, 2025, proper, timely adequate and sufficient notice having been

given to Aguila, and this Court having taken such evidence, offers of proof, and arguments of counsel as needed, it is hereby FOUND and DETERMINED, by clear and convincing evidence, that Aguila had notice of the 08/12/25 Order; the 08/12/25 Order created, in a clear and unambiguous way, obligations of Aguila to produce specific documents and to appear at a deposition; and Aguila failed to comply with such obligations imposed by the 08/12/25 Order; as a result, Plaintiffs have been harmed. For these reasons, the Court concludes that Aguila's failure to comply with the provisions of the 08/12/25 Order as set forth herein constitutes contempt of Court.

This Order is primarily designed to coerce Aguila to comply with the relief granted to Plaintiffs in the 08/12/25 Order, but is also designed to compensate Plaintiffs for harm suffered from non-compliance. Accordingly, the Court ORDERS and DECREES the following:

1. As to coercion, Aguila shall pay $500.00 per day to Plaintiffs on the date of this Order and continuing each day until the date Aguila completes all of the following: (a) delivers the last of the documents required to be produced to Plaintiffs pursuant to the 08/12/25 Order; (b) completes his deposition; and (c) makes full payment to Plaintiffs pursuant to this Order.

2. As to compensation: (a) Plaintiffs may file and serve on counsel for Aguila, on or before _____, an itemization of costs, including reasonable attorney fees, incurred in obtaining the within Order; (b) If Aguila objects to the award of costs and/or the amount claimed, he shall, on or before _____, file and serve his opposition and/or objections; and (c) Plaintiffs may file and serve a reply to such opposition and/or objections on or before _____.

3. This Court shall have and retain jurisdiction over Aguila for all purposes relating to this Order.

BY THE COURT:

_____
ASHELY M. CHAN,
U.S. BANKRUPTCY CHIEF JUDGE