UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re<br><br>LILJANA SINOJMERI.<br><br>Debtor. | Case No. 24-10899-AMC<br>Chapter 7 |
| CHIA-HUI CHANG and PAI-CHI TSAI,<br>Plaintiffs,<br>v<br>LILJANA SINOJMERI,<br>Defendant. | Adv. No. 24-00088-AMC |

**REPLY OF MARIO MARTINEZ AGUILA TO PLAINTIFFS' RESPONSE TO MOTION FOR LEAVE TO APPEAL INTERLOCUTORY ORDERS**

Mr. Mario Martinez Aguila ("Aguila"), by and through undersigned counsel, hereby respectfully submits this Reply to Plaintiffs' Response to Motion for Leave to Appeal Interlocutory Orders.

**I.  THE MOTION FOR LEAVE TO APPEAL WAS PROPERLY FILED IN THE BANKRUPTCY COURT**

1. Plaintiffs' primary argument—that this motion should have been "directed to" the District Court—fundamentally misapprehends the appellate procedure under Fed. R. Bankr. P. 8004.

2. Rule 8004(a) explicitly <u>requires</u> that "[t]o appeal under 28 U.S.C. §158(a)(3) from a bankruptcy court's interlocutory order or decree, a party <u>must file with the bankruptcy clerk</u> a notice of appeal under Rule 8003(a)." Fed. R. Bankr. P. 8004(a) (emphasis added).

3. The Rule further <u>requires</u> that the notice of appeal <u>must</u> "be accompanied by a motion for leave to appeal prepared in accordance with (b)." Fed. R. Bankr. P. 8004(a)(2) (emphasis added).

4. Rule 8004(c) then provides that "the <u>bankruptcy clerk</u> must promptly send to the BAP clerk the notice of appeal and the motion for leave to appeal. Otherwise, the bankruptcy clerk must promptly send the notice and motion to the district clerk." Fed. R. Bankr. P. 8004(c)(1) (emphasis added).

5. The Middle District of Pennsylvania Bankruptcy Court similarly explains that interlocutory appeals "shall be taken by filing a notice of appeal as prescribed in FRBP 8001(a) and accompanied by a motion for leave of appeal prepared in accordance with FRBP 8003." Appeals - Motion for Leave to Appeal, Middle District of Pennsylvania Bankruptcy Court.

6. Plaintiffs' citation to *In re Rodriguez-Martinez*, 541 B.R. 539, 541 (D.P.R. 2015), is not applicable to the procedural issue raised. That case involved the District Court's decision on the merits of a motion for leave to appeal—not the procedural question of where such motion is initially filed. The District Court in *Rodriguez-Martinez* correctly noted it had authority to grant or deny leave; it did <u>not</u> hold that motions for leave must be filed directly in District Court, bypassing the bankruptcy clerk.

7. Aguila's motion was properly filed with the bankruptcy clerk, as <u>required</u> by Rule 8004(a), and will be transmitted to the District Court by the bankruptcy clerk pursuant to Rule 8004(c). The motion should not be denied on procedural grounds.

## II.   EXCEPTIONAL CIRCUMSTANCES WARRANT INTERLOCUTORY REVIEW.

8. Plaintiffs argue that no "exceptional circumstances" exist to warrant interlocutory appeal. This argument fails on multiple grounds.

9. First, the daily accumulation of $500 sanctions pending appellate review constitutes irreparable harm that cannot be adequately remedied after final judgment. Each day of delay adds $500 to Aguila's potential liability—sanctions that may ultimately be reversed but that will have already been incurred.

10. Second, the underlying orders present controlling questions of law regarding the scope of subpoena enforcement against non-parties with minimal connection to the litigation, the burden of producing voluminous business records from multiple unrelated entities, and the procedural requirements for protective orders.

11. Third, immediate review may materially advance the termination of this litigation by resolving the scope of discoverable materials before Aguila is compelled to produce extensive business records that may ultimately be determined to fall outside the proper scope of discovery.

12. Plaintiffs characterize Aguila's objections as "vague, mutually inconsistent, and unsupported." (Plaintiffs' Response ¶ 30.) This characterization ignores the record. The burden of producing records from approximately ten business entities in which Aguila holds interests (which hold numerous properties that have had multiple contractors perform all types of buildouts and repairs)—entities and contractors that are not parties to this litigation—is substantial and was articulated to the Court.

3

### III. PLAINTIFFS' MISCHARACTERIZATIONS DO NOT DEFEAT THE MOTION

13. Plaintiffs devote substantial space to attacking Mr. Aguila's characterization of events, and Mr. Aguila's alleged connection to the case. Plaintiffs' attacks are both incorrect and irrelevant to the motion for leave to appeal.

14. Plaintiffs claim that Mr. Aguila's "sole connection to this matter is that he is Plaintiff's neighbor" is false because "Aguila possesses substantial evidence weighing directly on the fraudulent transfers at issue." (Plaintiffs' Response ¶ 13.) But Plaintiffs never explain what this "substantial evidence" is nor how Mr. Aguila—a neighbor of the Debtor with no involvement in any alleged transfers—came to possess any evidence.

15. The Plaintiffs' subpoena itself demonstrates the tenuous connection: it seeks broad categories of financial records and communications involving entities in which Mr. Aguila has interests, without any showing that these records relate to transfers involving the Debtor. That Plaintiffs now characterize this as "substantial evidence" of fraudulent transfers, without any factual support whatsoever, underscores the overbreadth of their demands.

16. Similarly, Plaintiffs' claim that Mr. Aguila made "incorrect statements" about the timing and substance of his objections is a merits argument properly addressed on appeal, not as a basis to deny leave to file the appeal itself.

17. These factual disputes underscore why interlocutory review is appropriate: the parties fundamentally disagree about the scope and burden of the discovery at issue, and immediate appellate guidance would clarify these questions before Mr. Aguila is required to undertake the substantial and unduly burdensome effort of gathering and

producing voluminous business records, which have no relevance to this pending bankruptcy matter.

18.     Additionally, it should be noted that the Bankruptcy Court itself, when Mr. Aguila's counsel raised factual concerns at the October 1, 2025 hearing, responded "You can file an appeal if you'd like, sir," suggesting the Court anticipated and would not be prejudiced by immediate appellate review.

### CONCLUSION

For the foregoing reasons, Aguila respectfully requests that his Motion for Leave to Appeal Interlocutory Orders be granted.

Dated: <u>October 30, 2025</u>

Respectfully submitted,

**BERGER LAW GROUP, P.C.**

By: _____
Phillip D. Berger, Esquire
919 Conestoga Road, Building 3, Suite 114
Bryn Mawr, PA 19010
Tel: (610) 668-0774
Fax: (610) 668-2800
Email: Berger@BergerLawPC.com
*Counsel for Appellant Mario Martinez Aguila*

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re<br><br>LILJANA SINOJMERI.<br><br>Debtor. | Case No. 24-10899-AMC<br>Chapter 7 |
| CHIA-HUI CHANG and PAI-CHI TSAI,<br><br>Plaintiffs,<br>v<br>LILJANA SINOJMERI,<br><br>Defendant. | Adv. No. 24-00088-AMC |

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2025, a true and correct copy of the foregoing was served upon all parties of record via the Court's CM/ECF electronic filing system.

_____
Phillip D. Berger, Esquire

6