UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: LILJANA SINOJMERI<br>Debtor | Case No. 24-10899-AMC<br>Chapter 7 |
| CHIA-HUI CHANG and PAI-CHI TSAI,<br>Plaintiffs<br>v.<br>LILJANA SINOJMERI,<br>Defendant | Adversary Proceeding<br>No. 24-00088-AMC |

# NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Mario Martinez Aguila (the "Appellant"), a non-party witness in the above-captioned adversary proceeding, hereby appeals to the United States District Court for the Eastern District of Pennsylvania from the Order Awarding Fees entered by the Honorable Ashely M. Chan, United States Bankruptcy Judge, on October 22, 2024, and docketed at Docket Entry #89.

The Order being appealed is a final order that awarded Plaintiffs Chia-Hui Chang and Pai-Chi Tsai attorney's fees and costs in the amount of **$23,922.50** against Appellant Mario Martinez Aguila pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), as made applicable to bankruptcy adversary proceedings through Federal Rule of Bankruptcy Procedure 7037.

**Jurisdictional Statement:** This appeal is taken pursuant to **28 U.S.C. § 158(a)(1)**, which grants the district courts jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts. The Order Awarding Fees is a final order because it conclusively determines the amount of attorney's fees and costs to be paid, requires no further proceedings in the bankruptcy court, and is immediately enforceable.

**NAMES OF ALL PARTIES**

The parties to the orders appealed from and the names and addresses of their attorneys are:

APPELLANT (Non-Party):

Mario Martinez Aguila
c/o Phillip D. Berger, Esquire
Berger Law Group, P.C.
919 Conestoga Road, Building 3, Suite 114
Bryn Mawr, PA 19010
Tel: (610) 668-0774
Email: Berger@BergerLawPC.com

PLAINTIFFS/APPELLEES:

Chia-Hui Chang and Pai-Chi Tsai
c/o Jonathan E. Trexler, Esquire
 224 W 35th St 12th Floor
New York, NY 10001
Tel: (718) 888-7894
Email: jtrexler@jtrexlerlaw.com


c/o John A. Gagliardi, Esquire
122 South Church Street
West Chester, Pennsylvania 19382
Tel: (484) 887-0779
Fax: (484) 887-8763
Email: jgagliardi@wgflaw.com

DEFENDANT:

Liljana Sinojmeri
c/o Matthew R. Nahrgang, Esquire
35 Evansburg Road
Collegeville, PA 19426
Tel: (610) 489-3041
Fax: (610) 489-3042
Email: mnahrgang@verizon.net

**APPELLATE FORUM**

This appeal is directed to the United States District Court for the Eastern District of Pennsylvania.

**A copy of the Order Awarding Fees dated October 22, 2024, is attached hereto as Exhibit A.**

Dated: November 5, 2025

                                                  Respectfully submitted,

                                                  **BERGER LAW GROUP, P.C.**

                                        By: _Phillip D. Berger_____
Phillip D. Berger, Esquire
919 Conestoga Road, Building 3, Suite 114
Bryn Mawr, PA 19010
Tel: (610) 668-0774
Fax: (610) 668-2800
Email: Berger@BergerLawPC.com
*Counsel for Appellant Mario Martinez Aguila*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: LILJANA SINOJMERI<br>Debtor | Case No. 24-10899-AMC<br>Chapter 7 |
| CHIA-HUI CHANG and PAI-CHI TSAI,<br>Plaintiffs<br>v.<br>LILJANA SINOJMERI,<br>Defendant | Adversary Proceeding<br>No. 24-00088-AMC |

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2025, a true and correct copy of this Notice of Appeal was served upon all parties of record via the Court's CM/ECF electronic filing system.

*Phillip D. Berger*
_____
Phillip D. Berger, Esquire

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | Chapter 7 |
|---|---|---|
| IN RE: | : | Case No. 24-10899-AMC |
| LILJANA SINOJMERI, | : | |
| | : | |
| Debtor | : | |
| | : | |
| CHIA-HUI CHANG and PAI-CHI TSAI, | : | |
| | : | |
| Plaintiffs | : | Adversary No. 24-00088-AMC |
| | : | |
| v. | : | |
| | : | |
| LILJANA SINOJMERI et al., | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this __22nd__ day of __October__, 2025, upon consideration of the Application for Attorney Fees and Costs ("Fee Application") by plaintiffs Chia-Hui Chang and Pai-Chi Tsai (collectively, "Plaintiffs"), the Objection to Application for Attorney's Fees and Costs ("Objection to Fee Application") filed by Mario Martinez Aguila ("Mr. Aguila"), and the response ("Response") filed by Plaintiffs, the Court hereby finds as follows:

1. Plaintiffs allege that around November 27, 2023, Liljana Sinojmeri ("Debtor"), Ilir Sevi ("Mr. Sevi"), and American Steel Contractors LLC ("ASC") commenced a construction project ("Aguila Project") on real property neighboring Plaintiffs' property owned by Mr. Aguila, located at 121 Pugh Road, Wayne, PA ("Aguila Property"). Case No. 24-88 ECF 2 ("Am. Compl.") at ¶ 34.

1

2. On March 18, 2024, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Petition Date"). Case No. 24-10899 ECF 1.

3. Plaintiffs allege that from November 2023 through the Petition Date, they observed Mr. Sevi working on the Aguila Project. Am. Compl. ¶ 36.

4. On May 1, 2024, the Chapter 7 trustee filed his report of no distribution, certifying that the estate had been fully administered and requesting to be discharged from any further duties as trustee. Case No. 24-10899 ECF 20.

5. On June 17, 2024, Plaintiffs commenced this adversary proceeding by filing a complaint against Debtor, Mr. Sevi, ASC, John Doe 1-10, and ABC Company 1-10 (collectively, "Defendants") ("Adversary Proceeding"). *See* Am. Compl. [1]

6. The Adversary Proceeding is primarily based on allegations that "Debtor and her cohorts fraudulently plundered and transferred intangible and tangible assets previously held" by ASC and that "in anticipation of the filing of the Sinojmeri Bankruptcy Case, Defendants surreptitiously transferred such intangible and tangible property to Sevi or to John Doe 1-10 or ABC Company 1-10…whose true identities and locations are presently unknown to Plaintiffs." *Id.* at ¶¶ 1, 39, Ex. 1.

7. On October 9, 2024, the Court entered an Order Granting in Part, Denying in Part a Motion to Dismiss Adversary Proceeding filed by Defendants Debtor, ASC, and Mr. Sevi, with leave to amend. ECF 11.

8. On May 27, 2025, Plaintiffs served a subpoena on Mr. Aguila (the "Subpoena") directing Mr. Aguila to attend a deposition on June 19, 2025, and to produce certain documents. ECF 33 ¶ 45.

---

[1] All further citations to ECF refer to Case No. 24-88.

9. On June 17, 2025, Mr. Aguila filed the Motion to Quash Subpoena to Testify at Deposition and Subpoena Duces Tecum ("Motion to Quash"). ECF 28.

10. On July 1, 2025, Plaintiffs filed a Cross-Motion to Enforce the Subpoena ("Cross-Motion to Enforce"), seeking to enforce the Subpoena and for costs incurred pursuant to Federal Rules of Civil Procedure 37(a)(5) ("Rule 37"). [2] ECF 33; Fed. R. Civ. P. 37(a)(5) ("If the motion is granted […] the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

11. Following a hearing on August 6, 2025, the Court entered an order on August 12, 2025, denying the Motion to Quash, granting the Cross-Motion to Enforce, awarding attorneys' fees to Plaintiffs for fees incurred in obtaining the order, and directing Mr. Aguila to appear at a rescheduled deposition and to provide, one week prior to the deposition, the documents requested in the Subpoena ("Discovery Order"). ECF 44.

12. On August 21, 2025, Mr. Aguila filed a Motion to Reconsider the Discovery Order ("Motion for Reconsideration"). ECF 46.

13. Later on August 21, 2025, Plaintiffs filed the Fee Application. ECF 47-48. The Fee Application included timesheets from firms Trexler & Zhang LLP ("Trexler & Zhang LLP Timesheet") and Wetzel Gagliardi Fetter & Lavin LLC ("Wetzel Gagliardi Fetter & Lavin LLC Timesheet," together "Timesheets") itemizing costs incurred in relation to the Discovery Order. *Id.*

14. On August 26, 2025, Mr. Aguila filed the Objection to Fee Application. ECF 50.

---

[2] Rule 37 is made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 7037.

3

15. On September 12, 2025, Mr. Aguila filed a Motion for Protective Order seeking limitations on discovery. ECF 58 ("Motion for Protective Order").

16. Following hearings on October 1, 2025, the Court entered orders on October 3, 2025, denying the Motion for Reconsideration and denying the Motion for Protective Order for the reasons stated on the record. ECF 71-72.

17. On October 8, 2025, Plaintiffs filed the Proposed Order in regard to the Fee Application. ECF 75.

18. Through the Fee Application, Plaintiffs seek the sum of $23,922.50 from Mr. Aguila for fees and costs incurred in obtaining the Discovery Order. *See* ECF 75.

19. The petitioner bears the initial burden of demonstrating the reasonableness of the requested fees by submitting evidence supporting the hours worked and rates claimed. *In re Atomica Design Grp., Inc.*, 591 B.R. 217, 239 (Bankr. E.D. Pa. 2018) (citing *Endurance Am. Specialty Ins. Co. v. Hospitality Supportive Sys. LLC*, No. 17-3983, 2018 WL 3861808, at *5, 2018 U.S. Dist. LEXIS 136922, at *9 (E.D. Pa. Aug. 14, 2018); *Community Ass'n Underwriters of America, Inc. v. Queensboro Flooring Corp.*, No. 3:10-CV-1559, 2016 WL 1076910, at *2 (M.D. Pa. Mar. 18, 2016)). The lodestar method, which multiplies hours worked by the attorney's hourly billing rate, is generally presumed to result in a reasonable fee. *Id.* (citing *Endurance,* 2018 WL 3861808, at *5, 2018 U.S. Dist. LEXIS 136922, at *9; *Tangible Value, LLC v. Town Sports Intern. Holdings,* No. 10-1453-MAS-TJB, 2014 WL 6485972, at *5 (D. N.J. Nov. 19, 2014)).

20. Once the petitioner meets its initial burden, the burden shifts to the opposing party to challenge "with sufficient specificity to give fee applicants notice" the reasonableness of the request. *Id.* (citing *Community,* 2016 WL 1076910, at *2). In determining reasonableness, the

court must closely scrutinize the request to ensure the fees do not exceed a reasonable amount. *Id. (*citing *Endurance,* 2018 WL 3861808, at *5, 2018 U.S. Dist. LEXIS 136922, at *9). If the petitioner has met its initial burden, courts may not decrease fee awards based on factors not raised by the adverse party. *Id.* (citing *Community,* 2016 WL 1076910, at *2; *Stein v. Foamex Intern., Inc.,* 204 F.R.D. 270, 271 (E.D. Pa. 2001)).

21. Here, Plaintiffs have satisfied their initial burden of demonstrating the reasonableness of the requested fees by attaching the Timesheets to the Fee Application, which evidence the hours worked and rates claimed in connection with costs incurred in obtaining the Discovery Order. *See* ECF 47-48. The burden, therefore, shifts to Mr. Aguila to challenge "with sufficient specificity" the reasonableness of the expenses listed in the Fee Application. *In re Atomica Design Grp., Inc.*, 591 B.R at 239.

22. As discussed below, Mr. Aguila's Objection to Fee Application falls far short of meeting his burden to challenge the Fee Application with specificity. Furthermore, the Court's independent review of the Timesheets establishes that each entry is reasonable.

23. In the Objection to Fee Application, although not styled as a motion for reconsideration, Mr. Aguila nonetheless begins by requesting reconsideration of the provision of the Discovery Order granting an award of fees to Plaintiffs. ECF 50 ("Obj. to Fee Application"), 3-4. In seeking reconsideration of the award of fees, Mr. Aguila raises identical arguments that the Court previously heard and rejected in considering the Motion to Quash and later the Motion for Reconsideration and the Motion for Protective Order: (i) Mr. Aguila avers that he and Plaintiffs had reached an agreement prior to the hearing on the motions connected to the Discovery Order, an averment that the Court has found to be contrary to the factual record; and (ii) Mr. Aguila argues that Plaintiffs' discovery requests were overbroad, unreasonable,

and overly burdensome, an argument that the Court has repeatedly rejected. *See* Obj. to Fee Application; *see also* Order Denying Motion to Quash, ECF 44; Order Denying Motion for Reconsideration, ECF 72; Order Denying Motion for Protective Order, ECF 71.

24. Mr. Aguila will not be allowed yet another proverbial bite at the apple, and therefore his informal request for reconsideration of the award of attorneys' fees will be denied. *See*, *c.f. Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3rd Cir. 1995) (motions for reconsideration do not provide litigants with an opportunity for a "second bite at the apple"); *see also, e.g., Claycomb v. Playtex*, 363 F. App'x 152, 153 (3d Cir. 2010) (mere disagreement with the outcome of the district court's opinion is not the proper basis for granting a motion for reconsideration).

25. In regard to Mr. Aguila's argument that the fees requested in the Fee Application are unreasonable, Mr. Aguila avers that the Timesheets include: (i) fees that would have been incurred regardless of the litigation connected to the Discovery Order and that are unrelated to the discovery dispute; (ii) "duplicative efforts" by two firms; (iii) "block-billed descriptions;" and (iv) "vague items." Obj. to Fee Application, 5.

26. "In the Rule 37 context, the amount of monetary damages must be specifically related to the expenses incurred due to the non-complying party's discovery violations." *In re Atomica Design Grp., Inc.*, 591 B.R. at 240. "Shifted expenses shall not include costs which would have been incurred anyway." *Id.* at 243 (citation omitted).

27. In support of Mr. Aguila's first argument that the Timesheets include fees that would have been incurred regardless of the litigation connected to the Discovery Order and that the Timesheets contain expenses unrelated to the Discovery Order, Mr. Aguila does not cite to a single example.

28. Plaintiffs contend that Mr. Aguila's argument does not supply them with sufficient specificity such that they may respond. ECF 62 ("Response"), 3.

29. As Mr. Aguila has not indicated which specific fees he objects to on the basis that they would have been incurred regardless of his discovery conduct, he has clearly not met his burden to challenge the Fee Application with specificity. Furthermore, the Court's independent review finds no entries in the Timesheets that do not reflect reasonable expenses incurred to obtain the Discovery Order. *See In re Atomica Design Grp., Inc.*, 591 B.R. at 240.

30. "In assessing the reasonableness of a requested fee award, courts must also disallow compensation for unnecessary duplication of services*." In re Domus BWW Funding, LLC*, 653 B.R. 745, 763 (Bankr. E.D. Pa. 2023) (citations omitted). There is no per se rule against employing two firms, provided that there is no duplication of work. *See id.* at n.5 (acknowledging that "there is no per se rule against shifting the fees of multiple firms as long as the request was reasonable").

31. In support of Mr. Aguila's second argument that the Fee Application is unreasonable because the Timesheets contain duplicative entries from two different firms, Mr. Aguila once again fails to cite to even a single entry. He merely makes a one-sentence assertion that the Fee Application is "rife with… duplicative efforts." Obj. to Fee Application, 5.

32. Plaintiffs respond by pointing out that Mr. Aguila does not indicate which of the itemized entries allegedly involved duplication. Response, ¶ 9. Nevertheless, Plaintiffs defend their decision to employ two firms, arguing that, "Trexler & Zhang LLP, as Plaintiffs' personal counsel, brings an understanding of the issues underlying this dispute which has accumulated since about May 2021. Wetzel Gagliardi Fetter & Lavin LLC brings decades of experience practicing in this Bankruptcy Court." *Id.*

33. As with his first argument, Mr. Aguila has again clearly failed to meet his burden to challenge the Fee Application with specificity, as he has not cited to a single duplicative entry. Furthermore, the Court's comparison of the Timesheets finds no entries that bill for duplicative work between firms.

34. The term block billing "implies that the challenged entries bill a lump-sum number of hours to numerous different tasks, such that it is difficult to discern how much time the biller spent on each task." *McDonough v. Leopold & Assocs.*, PLLC, No. 2:21-CV-00375-CCW, 2025 WL 2658323, at *6 (W.D. Pa. Sept. 17, 2025). Although "courts may reduce a fee award if block billing appears to have artificially inflated the fees requested […], block billed hours are not *per se* unreasonable. *MCO & EA LLC v. Silver Globe Inc.*, 2023 WL 3478466 at *4 (D.N.J. May 15, 2023) (citing *Simring v. Rutgers*, 634 F. App'x 853, 859 (3d Cir. 2015) (vacating an award reduced for block billing and requiring the court to "clarify which specific entries of each lawyer are unreasonable.")). Furthermore, the Third Circuit Court of Appeals has held that so long as a fee petition is "specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed," it "is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted." *Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990) (citations omitted, cleaned up).

35. Mr. Aguila's third argument is that the Timesheets are "rife with… block-billed descriptions." Obj. to Fee Application, 5. Once again, he offers no support.

36. Plaintiffs respond that: (i) each of the entries on the Trexler & Zhang LLP Timesheet shows a single task, and therefore there are no block billed entries; and (ii) although a few of the entries on the Wetzel Gagliardi Fetter & Lavin LLC Timesheet include related tasks in a

8

single entry, each is reasonable, and the amount of time shown to have been expended is consistent with the corresponding entry description. Response, ¶ 8.

37. Again, as Mr. Aguila fails to cite to any examples of block billing, he has failed to meet his burden to object with specificity.

38. The Court's review of the Timesheets does not note any block-billed entries in the Trexler & Zhang LLP Timesheet, each entry instead reflecting a single task. However, there are two entries in the Wetzel Gagliardi Fetter & Levin Timesheet that contain clearly distinct tasks. A discussion of each of these entries follows.

39. The first arguably block-billed entry states: "Review and respond to emails from clients which refer to offers of settlement from subpoena witness Aguila, and which refer to oral offers of settlement in order to withdraw opposition to Motion to Quash and to pay off Sevi obligations; telephone conference with Debtor's counsel regarding his clients [sic] admissions and offers to provide documents/agreement for deposition." ECF 47-1, Ex. A, 4. The entry indicates that 1.3 hours were spent on these tasks, the rate charged was $300.00 per hour, and the amount charged for the entry was $390.00. *Id*. The entry includes the two distinct tasks of: (i) communicating with clients via email regarding Mr. Aguila's offers of settlement, and (ii) communicating with Debtor's counsel via phone regarding related discovery matters. *Id*. Although these tasks are distinct, the specificity with which the entry is written is sufficient to allow the Court to determine that the mere 1.3 hours expended on settlement negotiations and navigation of related discovery—each of which is a time-intensive undertaking on its own—were reasonable. *See Rode v. Dellarciprete*, 892 F.2d at 1190.

40. The second arguably block-billed entry states: "Review and respond to several emails with A[g]uila's counsel including correspondence suggesting terms of production post-court-order, and correspondence between and among clients and including legal research regarding appeal of discovery orders of the Bankruptcy Court; and including analysis to clients." ECF 47-1, Ex. A, 5. The entry indicates that 1.7 hours were spent on these tasks, the rate charged was $300.00 per hour, and the amount charged for the entry was $510.00. *Id*. The entry contains the discrete tasks of: (i) communicating with Mr. Aguila's counsel via email to determine terms of production; (ii) correspondence with Plaintiffs regarding a potential appeal of an anticipated discovery order by Mr. Aguila; (iii) conducting legal research in regard to such an appeal; and (iv) providing an analysis of such research to Plaintiffs. *Id*. As in the previous entry, the specificity with which the entry is written is sufficient to allow the Court to determine that the mere 1.7 hours expended on the time-intensive tasks of negotiating discovery terms, conducting legal research, and communicating with clients were reasonable. *See Rode v. Dellarciprete*, 892 F.2d at 1190.

41. Mr. Aguila's fourth argument, that the Timesheets contain "vague items[,]" is the only argument for which he offers a scintilla of support. Mr. Aguila asserts, with no further explanation, that the entries for "file organization," "internal meeting," and "calendar update" are objectionable because they are "vague." Obj. to Fee Application, 5.

42. First, it must be noted that, although Mr. Aguila placed the terms "file organization," "internal meeting," and "calendar update" in quotation marks in the Objection to Fee Application, the Court's review does not find that these terms appear in any entry of either of the Timesheets. Although it is unclear what Mr. Aguila refers to by the term "internal

meeting," in regard to his use of the terms "file organization" and "calendar update," the Court assumes that Mr. Aguila refers to the following entries:

   a. "Mark deadline for response and cross motion on calendar." ECF 48, Ex. 2, 2. Counsel indicates that this task took .10 hours and, at a rate of $300 per hour, totaled $30. *Id*.

   b. "Organize motion documents in file." ECF 48, Ex. 2, 2. Counsel indicates that this task took .10 hours and, at a rate of $300 per hour, totaled $30. *Id*.

   c. "Organize court documents and other materials in file." ECF 48, Ex. 2, 5. Counsel indicates that this task took .10 hours and, at a rate of $300 per hour, totaled $30. *Id*.

   d. "Mark calendar with deadline for opposition to cross motion." ECF 48, Ex. 2, 5. Counsel indicates that this task took .10 hours and, at a rate of $300 per hour, totaled $30. *Id.*

43. There is simply no merit to Mr. Aguila's assertion that the above entries are vague. Each entry is written with specificity to allow the Court to determine its reasonableness. *See Rode v. Dellarciprete*, 892 F.2d at 1190.

44. For the reasons stated above, the Fee Application is GRANTED;

45. The Objection to Fee Application is DENIED; and

46. Mario Martinez Aguila shall pay the sum of $23,922.50 to Plaintiffs, as and for fees and costs awarded to Plaintiffs pursuant to the Discovery Order.

_____
ASHELY M. CHAN,
U.S. BANKRUPTCY CHIEF JUDGE