# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re<br><br>LILJANA SINOJMERI.<br><br>Debtor. | Case No. 24-10899-AMC<br>Chapter 7 |
| CHIA-HUI CHANG and PAI-CHI TSAI,<br><br>Plaintiffs,<br><br>v<br><br>LILJANA SINOJMERI,<br><br>Defendant. | Adv. Proc. No. 24-00088-AMC |

**MOTION OF MARIO MARTINEZ AGUILA FOR RELIEF FROM
OCTOBER 22, 2025 ORDER PURSUANT TO BANKRUPTCY RULE 9024**

Third-Party Mario Martinez Aguila ("Martinez") respectfully requests that this Court enter an Order under Federal Rule of Civil Procedure 60(b), as incorporated by Federal Rule of Bankruptcy Procedure 9024, granting Mr. Martinez relief from this Court's October 22, 2025 Order granting Plaintiffs' first request for fees (ECF 89, "Fee Order"), and in support thereof states as follows:

**INTRODUCTION**

1. Mr. Martinez is a third-party to this litigation. Plaintiffs served a subpoena seeking extensive and burdensome discovery from Mr. Martinez relating to his business. After he objected to the intrusive third-party discovery and filed a motion to quash, this Court ordered Mr. Martinez to comply with the third-party subpoena, appear for a deposition, and produce documents. In connection with this third-party discovery, the Court granted fees and costs to Plaintiff.

2. Declarations the Plaintiffs filed in support of the fee request indicate that around 80% of Plaintiffs' fees were incurred by Jonathan Trexler, an attorney who is neither admitted to

practice in Pennsylvania or before the local federal courts nor admitted *pro hac vice* for the purpose of these proceedings.

3. Nonetheless, Mr. Trexler's declaration and accompanying time sheet suggest that he was the lead attorney on this case with the primary responsibilities of communicating with Plaintiffs and opposing counsel, identifying legal arguments, and drafting pleadings to be submitted to the Court.

4. After this Court granted Plaintiffs' Fee Request and ordered Mr. Martinez pay Plaintiffs' fees in full, Mr. Martinez learned that Mr. Trexler had been suspended for six years from practicing before various courts.

5. Based on Mr. Trexler's strategic decision not to apply for *pro hac* admission, which enabled him to conceal his disciplinary and suspension history from this Court, and his later decision to represent to this Court that he acted as consulting attorney only, while he in fact acted as lead counsel, this Court should not have allowed Plaintiffs to recover Mr. Trexler's fees.

6. Mr. Martinez respectfully requests that the Court vacate the Fee Order in part to the extent it orders payment of the $19,320 in fees incurred by Trexler & Zhang, LLP pursuant to Rule 60(b)(1), (2), (3), and (6).

## JURISDICTION

7. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b)(1). This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (I) and (O).

8. The Court has authority to grant the relief requested under Rule 60 of the Federal Rules of Civil Procedure, as incorporated into the Federal Rules of Bankruptcy by Rules 9024, and under its inherent power under 11 U.S.C. § 105(a).

## FACTUAL BACKGROUND

9. On May 27, 2025, Plaintiffs served a subpoena on Mr. Martinez, a third party in the above-captioned proceeding, directing Mr. Martinez to attend a deposition on June 19, 2025, and to produce certain documents. ECF 33 ¶ 45.

10. On June 17, 2025, Mr. Martinez filed the Motion to Quash Subpoena to Testify at Deposition and Subpoena Duces Tecum. ECF 28. On July 1, 2025, Plaintiffs filed a Cross-Motion to Enforce the Subpoena and for costs incurred. ECF 33.

11. Following a hearing, the Court entered an order on August 12, 2025 ("Discovery Order"), denying Mr. Martinez's Motion to Quash, granting Plaintiffs' Cross-Motion to Enforce, awarding attorneys' fees to Plaintiffs for fees incurred in obtaining the order, and directing Mr. Martinez to appear at a rescheduled deposition and to provide, one week prior to the deposition, the documents requested in the Subpoena. ECF 44.

12. On August 21, 2025, Mr. Martinez filed a motion for reconsideration of the Court's Discovery Order. ECF 46.

13. That same day, Plaintiffs filed declarations from John A. Gagliardi, Esquire, and Jonathan T. Trexler, Esquire "In Support of Plaintiffs' Application for Fees and Costs" ("First Fee Request"). ECF 47-48. The Declarations comprising the First Fee Request included time sheets from the firms of Wetzel Gagliardi Fetter & Lavin LLC and Trexler & Zhang LLP, itemizing fees and costs incurred in relation to the Discovery Order totaling $23,922.50. *Id.*

14. Only about 20% ($4,602.50) of the requested fees were incurred by local counsel Mr. Gagliardi and his firm. ECF 47 ¶ 4. The other 80% ($19,320) of those fees were incurred by Mr. Trexler and his firm. *Id.* ¶ 5.

15. While Mr. Gagliardi and his colleagues are admitted to practice in this Court, Mr. Trexler admitted in his Declaration that he and his colleagues are not admitted to practice before

3

this Court and have not sought to be admitted *pro hac vice* for the purposes of this proceeding. ECF 48 ¶ 3.

16. Mr. Trexler's declaration and summary of fees accompanying Plaintiffs' First Fee Request indicate he corresponded directly with Plaintiffs and opposing counsel, drafted substantial portions of pleadings, and incurred the majority of the fees on the case. ECF 48.

17. Mr. Martinez objected to Plaintiffs' First Fee Request. *See* ECF 50.

18. The Court held a hearing on Plaintiffs' First Fee Request, Mr. Martinez's Motion to Reconsider the Discovery Order, and other matters on October 1, 2025. *See* ECF 51.

19. Following the hearing on October 1, 2025, the Court denied Mr. Martinez's Motion to Reconsider, *see* ECF 72, and granted Plaintiffs' First Fee Request in its entirety.

20. After the Court denied Mr. Martinez's Motion for Reconsideration and granted Plaintiff's First Fee Request in its entirety, Mr. Martinez discovered Mr. Trexler's disciplinary history. *See* ECF 107.

21. Plaintiffs filed a Proposed Order for their First Fee Request on October 8, 2025. *See* ECF 75. On October 22, 2025, the Court entered an order finding that Plaintiffs' requested fees were reasonable, rejecting Mr. Martinez's objections to Plaintiffs' First Fee Request, and ordering Mr. Martinez to pay $23,92.50 to Plaintiffs. *See* ECF 89.

22. Mr. Martinez appealed the Court's Fee Order. *See* ECF 103. That appeal is currently before Judge McHugh in the Eastern District of Pennsylvania. *See* ECF 113.

23. On October 23, 2025, Mr. Trexler and Mr. Gagliardi submitted two more declarations "In Support of Plaintiffs' Application for Fees and Costs Related to Motion for Contempt" ("Plaintiffs' Second Fee Request"). ECF 93-94.

24. Mr. Martinez filed objections to Plaintiffs' Second Fee Request on November 7, 2025. ECF 107. In his objection, Mr. Martinez argues that, because Mr. Trexler is lead counsel but not admitted to practice before this Court, his fees cannot be recovered. *See* ECF 107 ¶¶ 17-24; *see also Gsell v. Rubin & Yates, LLC*, 41 F. Supp. 3d 443, 446 (E.D. Pa. 2014) (explaining the difference between consulting and lead counsel and holding that a court may not grant an award of fees of lead counsel who is not admitted to practice before the court). Mr. Martinez also argues that Mr. Trexler's failure to disclose his prior suspensions to this Court supports the denial of fees in this instance. *See* ECF 107 ¶¶ 25-31.

25. Plaintiffs' Second Fee Request and Mr. Martinez's Objections are currently pending before the Court.

## **RELIEF REQUESTED**

26. Mr. Martinez respectfully requests that the Court issue an order granting relief from the Fee Order pursuant to Rule 60(b) as incorporated by Bankruptcy Rule 9024. Specifically, the Fee Order should be vacated to the extent it orders payment of the $19,320 of fees incurred by Trexler & Zhang LLP. Mr. Trexler, who Mr. acts as Plaintiffs' lead attorney, is not admitted to practice before this court, did not apply for *pro hac vice* admission, and did not disclose his prior suspensions to the Court, which he would have been required to do in an application for *pro hac vice* admission. The law in this district is clear that a lead attorney must be admitted to practice before this Court in order to recover fees. *Gsell,* 41 F. Supp. 3d at 450.

27. In the alternative, Mr. Martinez respectfully requests that the Court issue an Indicative Ruling, pursuant to Bankruptcy Rule 8008, stating that it would grant Mr. Martinez relief from the Fee Order upon remand, or that this motion raises a substantial issue. Fed. R. Bankr. P. 8008(a)(3), (4).

## GROUNDS FOR REQUESTED RELIEF

28. Rule 60(b), made applicable here by Bankruptcy Rule 9024, allows for relief from a judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). "Fed. R. Civ. P. 60 applies in bankruptcy case[s]…." Fed. R. Bankr. P. 9024. "Rule 60 is to be liberally construed in order that judgments will reflect the true merits of a case." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2852 (3d ed. 2012); *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 245 (3d Cir. 1951).

29. Here, relief is justified under Rule 60(b)(1), (2), (3), and (6).

## MR. TREXLER IS LEAD COUNSEL WHO MUST BE ADMITTED TO PRACTICE BEFORE THE COURT TO RECOVER FEES

30. The law in this district is clear: A party may recover fees incurred on account of the work of an attorney who is not admitted to practice before the court *only if* the attorney acts as a "consulting" attorney, but not where the non-admitted attorney is the "lead" attorney. *Gsell*, 41 F. Supp. 3d at 450.

31. Five factors distinguish between consulting and lead attorneys:

> Where an out-of-state attorney's participation was limited to that of a consultant whose services are compensable despite lack of pro hac vice admission, that attorney likely:
>
> (1) refrained from direct client contact;
>
> (2) refrained from contact with opposing counsel;
>
> (3) did not sign or draft substantial portions of pleadings, especially the complaint;

6

(4) restricted his participation in the case to reviewing motions, drafting internal memos, and advising lead counsel, such that his work was supervised by, and ultimately "filtered" through the lead attorney;

(5) recorded only a modest number of hours on a case, relative to lead counsel and other admitted attorneys working on a case.

*Id.* (citations omitted).

32. In *Gsell*, the Court applied these factors where the out-of-state attorney incurred 86% of the fees sought, took the primary role in drafting the pleadings, and worked independently of local counsel, and concluded the out-of-state attorney was lead counsel, not consulting. *Id.* at 451-52. As a result, the Court denied all of the out-of-state attorney's fees, even though the recovery of fees in that case was mandatory. *Id.* at 452.

33. The *Gsell* factors overwhelmingly support the conclusion that Mr. Trexler served as lead counsel for the Plaintiffs.

34. *First*, Mr. Trexler did not refrain from direct client contact. *See, e.g.*, ECF 48, Trexler Declaration time entries for 6/9/25, 6/12/25, 6/30/25, 7/8/25, 7/16/25, 7/17/25, 7/21/25, 7/23/25, 7/24/25, 8/5/25.

35. *Second*, Mr. Trexler actively participated on behalf of Plaintiffs in communications with Mr. Berger, Mr. Martinez's prior counsel. *See, e.g.*, ECF 48, Trexler Declaration time entries for 6/12/25, 6/16/25.

36. *Third*, while Mr. Trexler did not sign the pleadings, his Declaration evidences his primary role in drafting the pleadings, including the response to Mr. Martinez's motion to quash and Plaintiffs' cross motion to enforce that led to the instance proceedings. *See, e.g.*, ECF 48, Trexler Declaration time entries for 6/27/25, 6/28/25, 6/29/25, 6/30/25, 7/1/25, 7/22/25, 7/23/25.

37. *Fourth*, Mr. Trexler did not restrict his participation in the case to reviewing motions, drafting internal memos, and advising local counsel, such that his work was "filtered" through the local attorney. On the contrary, the Declarations demonstrate that Trexler was running the show. *Compare* ECF 48, Trexler Declaration, *with* ECF 47, Gagliardi Declaration.

38. *Fifth*, Mr. Trexler did not record a "modest" number of hours on the case relative to local counsel. Rather, Mr. Trexler incurred nearly four times the amount of fees that Mr. Gagliardi's firm incurred.

39. At bottom, every *Gsell* factor supports the conclusion that Mr. Trexler was lead counsel, not consulting counsel for Mr. Gagliardi. Accordingly, Plaintiffs are not entitled to recover his fees.

## RULE 60(B)(1)

40. Rule 60(b)(1) empowers a court to grant relief from a final order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

41. Here, granting the fee application of lead counsel who is not admitted to practice before this Court constitutes mistake or inadvertence.

42. The term "mistake" in Rule 60(b)(1) should be given its broadest possible interpretation, including mistakes of both law and fact. *Kemp v. United States*, 142 S. Ct. 1856, 1862 (2022).

43. Mr. Trexler was not admitted to this Court and acted as lead counsel for Plaintiffs. Accordingly, this Court should have denied the award for his fees for the same reason courts denied non-admitted counsel's fees in *Gsell* and myriad other similar cases. *Gsell*, 41 F. Supp. 3d at 452; *Caplan v. Premium Receivables LLC*, No. 2:15-CV-474, 2015 WL 4566982, at *5 (W.D. Pa. July 29, 2015); *Lee v. Robinson, Reagan & Young, PLLC*, No. 3:14-CV-0748, 2015 WL 3442097, at

*5-*8 (M.D. Tenn. May 28, 2015); *Bilazzo v. Portfolio Recovery Assoc.*, 876 F. Supp. 2d 452 (D.N.J. 2012); *Spanos v. Skouras Theatres Corp.*, 364 F.2d 161, 169 (2d Cir. 1966).

44. Awarding Plaintiffs fees for Mr. Trexler's work was a mistake warranting relief under Rule 60(b)(1).

45. In addition, Mr. Martinez's and counsel's failure to identify Mr. Trexler's lead counsel status and lack of admission to this court in his objections to the First Fee Request is excusable neglect warranting relief.

46. "[T]he determination whether a party's neglect is '"excusable" is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure.'" *George Harms Cost. Co., Inc. v. Chao*, 371 F.3d 156, 163 (3d Cir. 2004) (quoting *Chemetron Corp. v. Jones*, 72 F.3d 341, 349 (3d Cir. 1995)). The Supreme Court has provided that the following nonexhaustive factors bear on whether a party's neglect is excusable: "the danger of prejudice…, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

47. "[T]he lack of any prejudice to the [opposing party] or to the interests of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim." *Id*. at 398.

48. Moreover, a reluctance to penalize clients for the sins of their counsel, *Caruso v. Drake Motor Lines*, 78 F.R.D. 586 (E.D. Pa. 1978), and an interest in reflecting the true merits of the case, 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2852 (3d

ed. 2012, are factors properly considered. *See In re Hinote*, 13 B.R. 874, 876 (Bankr. E.D. Pa. 1981).

49. Here, the *Pioneer* factors weigh in favor of finding that Mr. Martinez's neglect in raising the argument that Mr. Trexler is non-admitted lead counsel whose fees should not be awarded was excusable.

50. *First*, there is nothing here to suggest that Plaintiffs will suffer substantial prejudice if the Court grants relief from the Fee Order. Prejudice must be something more closely tied to the merits of the issue, "not merely the loss of an advantageous position." *Manus Corp. v. NRG Energy, Inc. (In re O'Brien Env't Energy, Inc.)*, 188 F.3d 116, 127 (3d Cir. 1999). Beyond the loss of an advantageous Fee Order, there is no substantial prejudice Plaintiffs will suffer. The Fee Order was entered only about one month ago and is currently on appeal, and relief from the Fee Order will not impact the balance of Plaintiffs' discovery or case. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982) (requiring the non-moving party to assert "loss of available evidence, … or substantial reliance upon the judgment" to establish prejudice).

51. *Second,* the length of the delay here is insignificant: Mr. Martinez makes this Rule 9024 motion for relief within about one month of the Fee Order. In absolute terms, a one-month delay is insignificant. *See O'Brien Env't Energy, Inc.*, 188 F.3d at 129-30 (finding excusable neglect where delay was two months); *Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.),* 62 F.3d 730, 740 (5th Cir. 1995) (same, where delay was six to eight months). Additionally, in the context of this proceeding, the requested relief from the Fee Order here will not bear "on the urgency created by the debtor's time line," bolstering the determination that a one-month delay here is insignificant. *O'Brien Env't Energy*, 188 F.3d at 130. Accordingly, there is little delay and the potential impact on judicial proceedings is minimal, weighing in favor of granting relief.

52. *Third,* while the delay in raising the argument regarding Mr. Trexler's fees was due in part to Mr. Martinez and his prior counsel, "[a]n examination of [Plaintiffs'] role … is also essential to a determination of whether [Mr. Martinez's] neglect was excusable." *O'Brien Env't Energy, Inc.*, 188 F.3d at 128-29. Plaintiffs made the strategic decision to obscure Mr. Trexler's participation as lead counsel, not seek *pro hac vice* admission for Mr. Trexler and his colleagues, and avoid disclosing Mr. Trexler's disciplinary history. Plaintiffs are not blameless. Because the delay resulted in part because of Plaintiffs' litigation strategy, this factor weighs in favor of granting relief.

53. *Fourth*, Mr. Martinez has acted in good faith in challenging the Plaintiffs' First and Second Fee Requests. He filed clear and timely objections based on the law and reasonableness of the facts. *See Interfaith Community Org. v. Honeywell Int'l, Inc.*, 426 F3d 694, 713 (3d Cir. 2005), *as amended* (Nov. 10, 2005) (explaining that objections to fees must clearly state the work being challenged and the grounds for why the hours claimed are unreasonable). In addition, he raised the question of Mr. Trexler's suspension history as soon as he learned of it, in an effort to "maintain the integrity of proceedings and the confidence of the public." *Gsell,* 41 F. Supp. 3d at 446. Finally, as a third-party to this litigation, Mr. Martinez's good-faith interest in avoiding undue burden and expense are to be considered seriously. *See* Fed. R. Civ. P 45(d)(1); *In re Domestic Drywall Antitrust Litigation*, 300 F.R.D. 234, 240 (E.D. Pa. 2014) ("[T]he 'standards for non-party discovery require a stronger showing of relevance than for party discovery.'") (quoting *Zukowski v. PECO*, No. 93-cv-4780, 1994 WL 637345, at *3 (E.D. Pa. Nov. 14, 1994)); *400 Walnut Assocs., L.P. v. 4th Walnut Assocs., L.P.(In re Walnut Assocs., L.P.)*, 475 B.R. 217, 230 (Bankr. E.D. Pa. 2012) ("When served with a subpoena, a non-party may protect itself[.]"). As such, this factor weights in favor of granting relief based on excusable neglect.

54. To the extent the Plaintiffs are prejudiced, it is due—at least in part—to their own counsel's litigation strategy.

55. Mr. Martinez has a legitimate defense: Mr. Trexler's lead counsel status was unknown until the fee application was filed, and it is not opposing counsel's responsibility to ensure that Plaintiffs' attorneys are duly admitted before this court. Moreover, once Mr. Martinez learned of Mr. Trexler's prior suspensions, he raised them at the first opportunity in his objections to Plaintiffs' Second Fee Request. *See* ECF 107.

56. While Mr. Martinez's counsel may bear some responsibility in failing to identify this lapse in responding to the First Fee Request, Mr. Martinez submits that such neglect is excusable, given the policy considerations underpinning the requirement that all attorneys be admitted to practice before the local federal courts or be admitted *pro hac vice* before being allowed to practice before this court.

57. On the basis of either mistake or excusable neglect, Rule 60(b)(1) warrants relief here.

### RULE 60(B)(2)

58. Rule 60(b)(2) provides relief from a judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)…." Fed. R. Civ. P. 60(b)(2).

59. The standard under Rule 60(b) requires that the new evidence "(1) be material and not merely cumulative, (2) could not have been discovered … through the exercise of reasonable diligence and (3) would probably have changed the outcome of the [order]." *Compass Tech., Inc. v. Tseng Lab'ys, Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995).

60. After filing objections to Plaintiffs' First Fee Request, Mr. Martinez discovered Mr. Trexler's previous suspensions from other courts, which endured for six years. Such information raises questions and provides more context around Mr. Trexler's decisions to represent to the Court that he participated as "consulting counsel" only and not to apply for *pro hac vice* admission before this Court. Had he applied for *pro hac vice* admission, Mr. Trexler would have had to disclose his prior suspensions, even though he had been reinstated one year earlier in at least some courts. *See* L. Bankr. R. 2090-1(b)(2).

61. This new evidence is material and could have changed the outcome of the order. And, as discussed above, as lead counsel, Mr. Trexler cannot recover fees if he was not admitted generally or *pro hac vice* before this Court. *Gsell*, 41 F. Supp. 3d at 452.

62. Mr. Martinez raises this newly discovered fact to the Court now, as well as in his objections to Plaintiffs' Second Fee Request, at the first opportunity after he discovered it. *See* ECF 107.

63. Accordingly, Rule 60(b)(2) warrants relief.

**RULE 60(B)(3)**

64. Rule 60(b)(3) permits a court to vacate a judgment due to "fraud … misrepresentation, or [other] misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Relief under Rule 60(b)(3) requires the moving party to show the party engaged in fraud or other misconduct by clear and convincing evidence. *Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc.*, 434 F. App'x 109, 111 (3d Cir. 2011); *Brown v. Pa. R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960).

65. Failure to disclose relevant evidence can constitute misconduct under Rule 60(b)(3). *Floorgraphics*, 434 F. App'x at 112; *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983).

66. The alleged misconduct must have "*substantially* interfered with the aggrieved party's ability [to] fully and fairly [] prepare for and proceed at trial." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005). "In other words, Rule 60(b)(3) relief is granted where the judgment was *obtained by* [misconduct]; it does not apply where general allegations of [misconduct] exist." *In re Lampman*, 494 B.R. 218, 223 (Bankr. M.D. Pa. 2013) (emphasis added).

67. Here, Plaintiffs' counsel's misconduct enabled Plaintiffs' success on the Fee Order.

68. While Mr. Trexler disclosed that he was not admitted *pro hac vice* before the Court, he was not forthright with the Court regarding his role in the litigation as lead counsel. Indeed, his declaration suggests his fees could be charged to Mr. Martinez regardless of his failure to be admitted to practice in this Court because of his claimed participation as consulting counsel. *See, e.g.*, ECF 48, Trexler Declaration ¶¶ 1 ("I am assisting Plaintiffs as co-counsel[.]"); 4 ("My assistance to Plaintiffs in the instant case has been supervised by Attorney John A. Gagliardi[.]").

69. This was a misrepresentation of Mr. Trexler's role. For example, Mr. Martinez's prior counsel, Mr. Berger, corresponded primarily with Mr. Trexler. He received only three emails from Mr. Gagliardi, and emails from counsel directly to Mr. Gagliardi were forwarded to Mr. Trexler for a response. This is not simply "assisting" as co-counsel and being "supervised" by Mr. Gagliardi.

70. This Court's rules—like nearly every bankruptcy court—generally require that attorneys either be admitted to practice before the local federal courts or be admitted *pro hac vice* in order to be allowed to "practice before this Court." L. Bankr. R. 2090-1(a). A party may recover fees incurred on account of the work of an attorney who is not admitted to practice before the court *only* if the attorney acts as a "consulting" attorney, but not where the non-admitted attorney is the "lead" attorney.

71. Mr. Trexler's decisions to inaccurately represent to the Court that he acted as consulting counsel and not seek admission *pro hac vice* not only worked to obscure his prior suspensions but caused the Court to grant the Fee Order against Mr. Martinez. This constitutes misconduct sufficient to warrant relief under Rule 60(b)(3).

72. Accordingly, the judgment was obtained by misconduct, and Rule 60(b)(3) warrants relief.

### RULE 60(B)(6)

73. As a final "catch-all provision," Rule 60(b)(6) "authorizes a court to grant relief…for 'any… reason' other than those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014).

74. The Court of Appeals has held that Rule 60(b)(6) seeks "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). A Rule 60(b)(6) motion is generally reserved for extraordinary circumstances where extreme and unexpected hardship will result absent relief. *Gonzales v. Crosby*, 545 U.S. 524, 535 (2005); *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008).

75. Extraordinary circumstances may exist where the judgment "precluded an adjudication on the merits." *Boughner*, 572 F.2d at 979.

76. In addition, courts maintain discretion to correct errors even when the parties have failed to make the key facts known:

> When a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust, reconsideration under rule 60(b)(6) is proper even though the original failure to present that information was inexcusable.

*Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).

15

77. "It is true, of course, that 'a party that … has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself [of] rule 60(b) after an adverse judgment has been handed down.'" *Computer Professionals for Social Responsibility v. United States Secret Service*, 72 F.3d 897, 903 (D.C. Cir. 1996) (quoting *Good Luck Nursing Home*, 636 F.2d at 577). This case, however, is not the ordinary one. The Fee Order at issue, and the question now presented regarding Mr. Trexler's lead counsel status and failure to apply for admission *pro hac vice* before this Court, raise questions regarding the maintenance of the integrity of the judicial system.

78. "Rule 60 is to be liberally construed in order that judgments will reflect the true merits of a case." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2852 (3d ed. 2012).

79. Here, as discussed above, relief under 60(b)(6) allows for consideration of Plaintiff's First Fee Request in the context of all the merits: with the benefit of the context surrounding Mr. Trexler's lead counsel status, failure to apply for admission *pro hac vice*, and decision to conceal from the Court his suspension history. A review of the totality of the circumstances here demonstrates that requiring Mr. Martinez—a third-party to this litigation—to pay the attorneys' fees of a lead attorney who is not admitted to practice before this Court and was withholding information regarding his disciplinary history would not only result in severe and unexpected hardship to Mr. Martinez, for the reasons stated herein, but also compromises the ethical and procedural standards of this Court.

80. In addition, this motion is being made within about one month of the original order. Courts have found in similar circumstances that such reconsideration does not "so prejudice[]" the opposing party. *See Good Luck Nursing Home*, 636 F.3d at 577; *Johnson Waste Materials v.*

*Marshall*, 611 F.2d 593, 601 (5th Cir. 1980); *Compton v. Alton S.S. Co.*, 608 F.2d 96, 103 (4th Cir. 1979); *Smith v. Jackson Tool & Die, Inc.*, 426 F.3d 5, 8 (5th Cir. 1970). "In this case, then, the interest that litigation must someday end [is] only slightly impinged, while the countervailing interest that justice be done [is] seriously at stake." *Good Luck Nursing Home*, 636 F.2d at 577-78.

81. For the foregoing reasons, relief under Rule 60(b)(6) is warranted.

## LOCAL BANKRUPTCY RULE 9014-3 CONSENT

82. Mr. Martinez consents to the entry of a final order or judgment by the Bankruptcy Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

**WHEREFORE**, Mr. Martinez respectfully requests that the Court vacate the Fee Order in substantially the form attached hereto and grant such other and further relief as is just and appropriate.

Respectfully submitted,

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

Dated: November 25, 2025     By:   */s/ Matthew A. Hamermesh*
                                                       Matthew A. Hamermesh
                                                     One Logan Square, 27th Floor
                                                     Philadelphia, PA 19103
                                                     T: (215) 568-6200
                                                     F: (215) 568-0300
                                                     E: mhamermesh@hangley.com

*Counsel for Mario Martinez Aguila*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re<br><br>**LILJANA SINOJMERI.**<br><br>Debtor. | Case No. 24-10899-AMC<br>Chapter 7 |
| **CHIA-HUI CHANG and PAI-CHI TSAI,**<br><br>Plaintiffs,<br><br>v<br><br>**LILJANA SINOJMERI,**<br><br>Defendant. | Adv. Proc. No. 24-00088-AMC |

**ORDER ENTERING RELIEF IN FAVOR OF THIRD-PARTY MARIO MARTINEZ AGUILA FROM THE ORDER GRANTING PLAINTIFFS' FIRST FEE REQUEST PURSUANT TO RULE 60(B) AS INCORPORATED UNDER BANKRUPTCY RULE 9024**

**AND NOW**, this _____ day of _____, 2025, upon consideration of the Motion for Relief Pursuant to Rule 60(B) as Incorporated Under Bankruptcy Rule 9024, after notice and hearing thereon, and good cause appearing therefore, it is hereby

**ORDERED** that:

1. The Motion is granted.

2. The Order Granting Plaintiffs' First Fee Request is **VACATED** to the extent it orders Mr. Martinez to pay fees and costs incurred by Trexler & Zhang LLP.

                                                                                            _____
                                                                                            Honorable Ashley M. Chan, C.J.
                                                                                            United States Bankruptcy Court, E.D. Pa.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re<br><br>LILJANA SINOJMERI.<br><br>Debtor. | Case No. 24-10899-AMC<br>Chapter 7 |
| CHIA-HUI CHANG and PAI-CHI TSAI,<br><br>Plaintiffs,<br><br>v<br><br>LILJANA SINOJMERI,<br><br>Defendant. | Adv. Proc. No. 24-00088-AMC |

## CERTIFICATE OF SERVICE

I, Matthew A. Hamermesh, Esquire, hereby certify that a true and correct copy of the forgoing was served on all parties on this date via the Court's ECF filing system.

Respectfully submitted,

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

Dated: November 25, 2025

By: /s/ Matthew A. Hamermesh
Matthew A. Hamermesh
One Logan Square, 27th Floor
Philadelphia, PA 19103
T: (215) 568-6200
F: (215) 568-0300
E: mhamermesh@hangley.com

*Counsel for Mario Martinez Aguila*