**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| IN RE: LILJANA SINOJMERI<br>　　　　　Debtor | Case No. 24-10899-AMC<br>Chapter 7 |
| CHIA-HUI CHANG and PAI-CHI TSAI,<br>　　　　　Plaintiffs<br>　　　　　v.<br>LILJANA SINOJMERI,<br>　　　　　Defendant | Adversary Proceeding<br>No. 24-00088-AMC<br><br>Appeal - No. 2:25-cv-06033-GAM<br>Related Case: 2:25-cv-06406-GAM |

**APPELLANT'S SUPPLEMENTAL DESIGNATION OF RECORD ON APPEAL**

Mario Martinez Aguila ("Appellant"), a non-party witness in the above-captioned adversary proceeding, by and through his undersigned counsel, hereby submits this Supplemental Designation of Record on Appeal pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1), in connection with his appeal from the Bankruptcy Court's October 22, 2025 "Order Awarding Fees" (the "Fee Order," Bankr. Dkt. No. 89), and in light of the proposed consolidation of his two related bankruptcy appeals in the United States District Court for the Eastern District of Pennsylvania, Civil Action Nos. 2:25-cv-06033-GAM and 2:25-cv-06406-GAM, with No. 2:25-cv-06033-GAM proposed to be designated as the lead case.

**I.      Incorporation of Prior Designation**

On or about October 30, 2025, Appellant filed his "Appellant's Designation of Contents of Reproduced Record and Statement of Issues Presented for Review" pursuant to Fed. R. Bankr. P. 8009 (the "Original Designation"), designating, inter alia, the following items (with any attachments thereto or parts thereof):

- Second Amended Complaint to Determine Dischargeability (filed 1/6/25, Dkt. No. 16);

- Motion to Quash Subpoena to Testify at Deposition and Subpoena Duces Tecum (filed 6/17/25, Dkt. No. 28);

- Plaintiffs' Cross-Motion to Enforce Subpoena and related briefing;

- The August 8, 2025 Order and August 12, 2025 Amended Order on the subpoena dispute (Dkt. Nos. 42, 44);

- Appellant's Motion for Reconsideration (Dkt. No. 46) and supporting/related filings, including:

- Declaration of John A. Gagliardi, Esquire in Support of Plaintiffs' Application for Fees and Costs (Dkt. No. 47);

- Declaration of Jonathan T. Trexler, Esquire in Support of Plaintiffs' Application for Fees and Costs (Dkt. No. 48);

- Objection of Mario Martinez Aguila to Plaintiffs' Application for Attorneys' Fees and Costs and Request for Hearing (Dkt. No. 50);

- Plaintiffs' Reply to Objection of Mario Martinez Aguila to Plaintiffs' Fees (Dkt. No. 62);

- Plaintiffs' Motion for an Order Holding Appellant in Contempt, Appellant's Motion for Protective Order, and related briefing (Dkt. Nos. 56, 58, 60, 63, 66);

- The October 3, 2025 Orders, the October 9, 2025 Order Finding Appellant in Contempt, Appellant's October 16, 2025 Notice of Appeal, Motion for Leave to Appeal, and the October 21, 2025 hearing transcripts (Dkt. Nos. 71, 72, 76, 77, 79, 82, 87, 88).

Appellant hereby **incorporates by reference and re-adopts in full** the Original Designation, including all items listed therein and all attachments and exhibits, as part of the record on appeal for the proposed **consolidated appeals**, including the appeal from the Fee Order.

To the extent any of the items listed below were already included in the Original Designation, they are re-designated here out of an abundance of caution and for clarity in light of the proposed consolidation.

## II. Supplemental Designation of Additional Items Relating to the Fee Order

In addition to the items identified in the Original Designation, Appellant designates the following additional items to be included in the record on appeal, together with any and all exhibits, attachments, and related docket entries:

- **Order Awarding Fees** entered by the Honorable Ashely M. Chan, awarding Plaintiffs attorney's fees and costs in the amount of $23,922.50 against Appellant pursuant to Fed. R. Civ. P. 37(a)(5)(A). Dated 10/22/2025 at Doc. No. 89.

This Supplemental Designation is filed without prejudice to Appellant's right to seek leave to supplement the record further if necessary and appropriate.

## III. SUPPLEMENTAL STATEMENT OF ISSUES PRESENTED FOR REVIEW

In addition to the issues previously identified in Appellant's Original Designation of Contents of Reproduced Record and Statement of Issues Presented for Review, Appellant Mario Martinez Aguila submits the following supplemental issues, which relate specifically to the Bankruptcy Court's October 22, 2025 "Order Awarding Fees" (Dkt. No. 89):

1. Whether the Bankruptcy Court erred, as a matter of law or abused its discretion, in awarding attorney's fees and costs against a non-party witness under Fed. R. Civ. P. 37(a)(5)(A), as incorporated by Fed. R. Bankr. P. 7037, where Appellant timely objected to the subpoena, sought protection through appropriate motion practice, engaged in good-faith negotiations, and agreed to produce documents before the hearing.

2. Whether the Bankruptcy Court erred in concluding that Plaintiffs were entitled to fee-shifting under Fed. R. Civ. P. 37(a)(5)(A) where Appellant's position in resisting the subpoena was "substantially justified" and/or other circumstances made an award of expenses

unjust, particularly in light of Appellant's status as a non-party and the heightened protections afforded under Fed. R. Civ. P. 45(d)(1)–(3).

3. Whether the Bankruptcy Court misapplied the governing burden-shifting framework in evaluating the Fee Application and Appellant's objections—specifically, by: (a) treating Appellant's objections as insufficiently "specific" and thereby declining to scrutinize the reasonableness of challenged entries; and (b) effectively placing on Appellant the burden to prove that time entries were unreasonable, duplicative, unrelated, or vague, rather than requiring Plaintiffs to justify the requested fees under the lodestar standard.

4. Whether the Bankruptcy Court erred or abused its discretion in awarding fees for work that was not reasonably related to the discovery dispute with Appellant, including time entries that would have been incurred regardless of Appellant's involvement, entries reflecting general case-strategy or merits work, and administrative or clerical tasks not properly billable at attorney rates.

5. Whether the Bankruptcy Court erred or abused its discretion in awarding fees for allegedly duplicative work performed by multiple law firms and attorneys, including time spent by both sets of counsel attending the same hearings, conferences, and internal communications, without requiring Plaintiffs to demonstrate that such duplication was necessary and reasonable.

6. Whether the Bankruptcy Court erred or abused its discretion in declining to reduce or disallow time entries that were block-billed, grouped multiple distinct tasks into single time entries, or were otherwise worded in a manner that prevented meaningful review of the reasonableness of the hours claimed.

7. Whether the Bankruptcy Court erred or abused its discretion in finding that the challenged time entries were sufficiently detailed and non-vague, where Appellant objected to, inter alia, entries described generically as "calendar updates," "file organization," or

similar descriptions that did not allow the Court to determine what work was performed and why it was reasonably necessary to the discovery dispute with Appellant.

8. Whether, taking into account Appellant's non-party status, the scope and proportionality concerns underlying the subpoena, and the totality of the circumstances surrounding the subpoena dispute and related motions, the Bankruptcy Court's decision to award $23,922.50 in attorney's fees and costs against Appellant constituted an abuse of discretion.

Respectfully submitted,

**BERGER LAW GROUP, P.C.**

By: *Phillip D. Berger*
Phillip D. Berger, Esquire
919 Conestoga Road, Building 3, Suite 114
Bryn Mawr, PA 19010
Tel: (610) 668-0774
Fax: (610) 668-2800
Email: Berger@BergerLawPC.com
*Counsel for Appellant Mario Martinez Aguila*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: LILJANA SINOJMERI<br>Debtor | Case No. 24-10899-AMC<br>Chapter 7 |
| CHIA-HUI CHANG and PAI-CHI TSAI,<br>Plaintiffs<br>v.<br>LILJANA SINOJMERI,<br>Defendant | Adversary Proceeding<br>No. 24-00088-AMC<br><br>Appeal - No. 2:25-cv-06033-GAM<br>Related Case: 2:25-cv-06406-GAM |

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2025, a true and correct copy of the foregoing was served upon all parties of record via the Court's CM/ECF electronic filing system.

_Phillip D. Berger_
Phillip D. Berger, Esquire